ROBERTS (STUMP v.). See Case No. 13,-561.

ROBERTS (UNITED STATES v.). See Cases Nos. 16,172 and 16,173.

## Case No. 11,918.

ROBERTS et al. v. WARD et al.

[4 McLean, 565;[1] 2 Robb, Pat. Cas. 746.]

Circuit Court. D. Michigan. June Term. 1849.

PATENTS—NOVELTY—UTILITY.

To entitle a person to a patent, his invention or improvement must be new. It must also be useful. These points being submitted to a jury, they found against the plaintiff.

[Cited in Nash v. Lull, 102 Mass. 62.]

[This was a bill in equity by Roberts & Roberts against Ward & Ward, for the infringement of letters patent No. 1.252, granted to J. Babbitt July 17, 1839.]

G. C. Bates and J. M. Howard, for complainants.

Joy & Porter, for defendants.

OPINION OF THE COURT. This bill charges the defendants with the violation of a patent-right. The complainants claim under Isaac Babbitt, the inventor, in virtue of

legal assignments made and recorded in the patent office, the right within the state of Michigan. The patentee claimed to have invented a new and improved mode of making or constructing the boxes, within which the gudgeons or journals of machinery in general and the axles of railroad cars, etc., are to run, by which mode of constructing or making such boxes or bearings, the heating and abrasions. which are apt to occur in the ordinary mode of constructing them, and their durability is consequently increased, and the following is the full description thereof: "I prepare boxes which are to be received into housings or plumber's blocks, in the ordinary mode of forming such boxes, making them of any kind of metal, or metallic compound, which has sufficient strength and which is capable of being tinned. The inner side of these boxes are to be lined, etc. To prepare the boxes for the reception of the composition, I cast them with projecting rims, etc. In finishing one of these boxes I cast the inside, including the rim. with tin, in the well-known manner of performing the operation. The composition being melted is poured in through a hole left for the purpose. When the ledges are not used the coating of the composition metal should be thin." And in the summing up he says: "What I claim as my invention is, the making of the boxes for axles and gudgeons. in the manner set forth, by the casting of hard pewter or composition metal, of which tin is the basis, into the said boxes, they being first prepared and provided with rims or ledges and coated with tin, as hereinbefore described." The above includes an improvement upon the original invention, for which a patent has also been obtained. An issue was made up and sent to the jury to try, whether the invention was new and useful.

To entitle an individual to a patent, his invention must be new and useful. In ascertaining its usefulness. it is not important that it should be more valuable than other modes of accomplishing the same result; but it must be a practicable method of doing the thing designed, in which its utility will more or less consist. The invention must be new. In the present case the improvement of the present box used for wheels so as to retain the composition metal, and the metal thus composed and applied as stated, constitute the invention. Now if any other individual used a similar box and compound. before the invention claimed by Babbitt, he can have no exclusive right. If a box was constructed upon the same principle. though not exactly in the same manner. it will defeat that part of the plaintiff's claim. The word principle. as applied to mechanics. is where two machines or things are made to operate, substantially in the same way, so as to produce a similar result. they are considered the same in principle. As where any of the mechanical powers, the lever, the screw, the wheel,

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

·etc., are used to accomplish certain purposes, the same powers being used in a somewhat different form, to do the same thing, will not be a difference in principle. Whether the mechanical instruments be larger or smaller, whether their action be horizontal or vertical, the principle is the same. The patentee claims a combination of the box as stated, and the composition as applied. From his own statement he has improved the box, and put in it the metal. He does not, it seems, claim that the component parts of the metal are new or that the combination of them is so. The thing claimed is, the use of a softer material inserted in the box so as to prevent its heating or abrasion, by the action of the wheel. In this view, the introduction of this material is the principle of this improvement, and not the particular elements of which it is composed; and if it shall appear to the jury from the evidence, that a material similar in its effect had been publicly used in the box before the invention claimed by the patentee, his patent, in this particular, is void for want of novelty.

Evidence was given to the jury conducing to prove a want of novelty to the jury. And the case was submitted to them on principles as above stated. The jury found for the defendants. A motion for a new trial was made, which the court overruled.