HARVEY L. NASH *vs.* JAMES W. LULL.

A valid patent, or any interest in or license under it, without regard to its pecuniary value or the degree of its utility, is a good consideration for a promissory note, or other contract.

CONTRACT on a promissory note dated March 6, 1868, for $175, payable to the bearer, six months after date, with interest. Writ dated September 17, 1868.

At the trial, in the superior court, before *Brigham,* C. J., the defendant admitted the making of the note, for the consideration of a license from the patentees, of the same date with the note, to use and vend in Berkshire an " Improved Animal Churn

Power Device," under letters patent from the United States, bearing date of May 9, 1865; and on this admission the plaintiff rested his case.

The defendant put in evidence which tended to show that he gave the plaintiff notice that the note was without consideration, before the plaintiff took it; and then introduced the license in evidence, and testified that, at the time of his purchase of it, the patentees represented to him that the invention was a useful one, and showed to him a machine which they declared to be the patented device. This machine was exhibited to the jury, and the testimony of " a practical mechanic " was further introduced by the defendant, " that, though it could be applied to raise water, or run a sewing-machine, and to other useful purposes, yet it could not be used profitably, and not beneficially because not profitably; that fifty pounds of power applied to the wheel of the machine produced only seven pounds of power for mechanical uses."

The defendant requested the judge to instruct the jury as follows: " 1. That, if the jury find that though the patent ' Improved Animal Churn Power Device,' for which the note in this suit was given, is not void, yet if it cannot be used advantageously, without reference to pecuniary profits, then it is of no practical benefit, and without value, and therefore the note was given without consideration, and is void.

" 2. It being proved that the consideration for this note was only to vend and use said device in the county of Berkshire, that, if said device could not be used advantageously, without reference to pecuniary profit, the note was without consideration and void.

" 3. It being proved that the consideration for the note was the right to use and vend said device in the county of Berkshire, if the jury are satisfied, from the whole evidence in the case, that such device was without value and worthless, the note was without consideration and void.

" 4. If the jury are satisfied, from the whole evidence in the case, that said device will not perform any beneficial work beneficially, it is no valid consideration for the note."

The judge declined to give these instructions; and ruled " that if the ' Improved Animal Churn Power Device,' the right of using and vending which, as conveyed by the license to the defendant, was the consideration of the note declared on, to constitute a valid consideration it must have been a useful invention, that is to say, it must have been an invention capable of a beneficial use, in contradistinction to a pernicious or injurious use; that if, under any circumstances, the machine, to which the invention and deed of the defendant relate, could be applied to any beneficial purpose, as for the purpose of applying mechanical power, by means of animals, to churning or operating a sewing-machine or pump, it might be deemed a useful invention, notwithstanding its use for any such purpose might not be profitable to the person applying it to such use, and notwithstanding the mechanical results of such use might be inadequate to the cost of its use and the cost of said machine." The jury found for the plaintiff, and the defendant alleged exceptions.

*P. L. Page*, for the defendant.

*J. M. Barker*, (*T. P. Pingree* with him,) for the plaintiff.

GRAY, J. Letters patent of the United States can be lawfully granted only for new and useful inventions; and are but *primâ facie* evidence of the novelty and utility of the invention described. U. S. St. 1837, *c.* 45. *Corning* v. *Burden*, 15 How. 270, 271. All that is required to make an invention useful, under the patent laws, is that it should be capable of being applied to some practical and beneficial purpose, and not be frivolous, or injurious to the well being or morals of society. If it is useful in this sense, it is patentable, and the degree of its utility or practical value does not affect the validity of the patent; if it is not useful, a patent for it is void. *Lowell* v. *Lewis*, 1 Mason, 185, 186. *Bedford* v. *Hunt*, Ib. 303, 304. *Kneass* v. *Schuylkil. Bank*, 4 Wash. C. C. 12. *Langdon* v. *De Groot*, 1 Paine, 203 *Roberts* v. *Ward*, 4 McLean, 565.

In a suit brought on a promissory note, the only consideration for which is the assignment of an interest in or right under a patent, the question of consideration depends upon the validity of the patent; if the patent is void, the note is of course without

consideration; but if it is valid, the court will not inquire into the adequacy of the consideration. The issue in such a case is therefore the same as in a suit in the courts of the United States for the infringement of a patent, the validity of which is denied by the defendant; and so it has been repeatedly adjudged in this and other courts. *Bliss* v. *Negus*, 8 Mass. 49. *Dickinson* v. *Hall*, 14 Pick. 217. *Bierce* v. *Stocking*, 11 Gray, 174. *Lester* v. *Palmer*, 4 Allen, 145. *Dunbar* v. *Marden*, 13 N. H. 311. *Cross* v. *Huntly*, 13 Wend. 385. *Geiger* v. *Cook*, 3 W. & S. 266. *Mc-Clure* v. *Jeffrey*, 8 Ind. 79. *Myers* v. *Turner*, 17 Ill. 179. *Jolliffe* v. *Collins*, 21 Missouri, 343.

In the case of *Clough* v. *Patrick*, 37 Verm. 421, cited for the defendant, which seems at first sight to enlarge the issue in his favor, the defendant's evidence tended to show that the patented mowing machine, which was the consideration of the note sued on, was utterly worthless, and could not be made to work as a mowing machine at all, by reason of a defect in the principle of its construction; and the ruling that " if the patent right was of no value from the worthlessness of the machine patented, in the respect which the defendant's evidence tended to show, that would constitute a perfect defence as to the payee, notwithstanding the patent may have been a legal one," was held to be correct, upon the ground that the expression " notwithstanding the patent may have been a legal one " meant no more than that the letters patent were authentic and not vacated. Whether that construction of the ruling was warranted, we need not consider.

It is proper to add that the further *dictum* in that case, like the corresponding decision (Appleton, C. J., dissenting) in *Elmer* v. *Pennel*, 40 Maine, 430, that the invalidity of a patent cannot be set up except in a suit brought in the courts of the United States against an infringer of the patent, is inconsistent with the principles above stated and the authorities already referred to. A direct suit for the infringement of a patent must indeed be brought in the courts of the United States, because the very acts of congress which create the right provide that all actions and cases, in law or equity, arising under those laws, shall be origi-

nany cognizable in those courts. U. S. St. 1836, *c.* 357, § 17
5 U. S. Sts. at Large, 124. *Gibson* v. *Woodworth*, 8 Paige, 132.
*Dudley* v. *Mayhew*, 3 Comst. 9. *Parkhurst* v. *Kinsman*, 2 Halst.
Ch. 600. *Kempton* v. *Bray*, 99 Mass. 354. But such a provision
does not deprive the state courts of the power or the duty, when
the question arises collaterally, of deciding whether the patent
which is relied on is of any validity. *Rich* v. *Hotchkiss*, 16
Conn. 409. *Sherman* v. *Champlain Transportation Co.* 31 Verm.
162. *Slemmer's Appeal*, 58 Penn. State, 155.

The instructions to the jury clearly and accurately stated the
law applicable to the case, and fully met and covered the in-
structions requested.                    *Exceptions overruled.* *

---

 * A similar decision was made in the following case, which was argued at
September term 1869 for Hampden.

### ABEL B. HOWE *vs.* EBENEZER S. RICHARDS.

CONTRACT to recover $300 which the defendant agreed to pay in considera-
tion of the conveyance to him by the plaintiff of the right to use in Holyoke a
machine for manufacturing bricks under letters patent of which the plaintiff
was assignee.

At the trial in the superior court, before *Putnam*, J., the plaintiff introduced
evidence tending to prove the agreement, and his tender of such a conveyance
to the defendant; and the defendant introduced evidence tending to prove
"that the patented article was of no substantial, practical utility, and the right
offered to be conveyed to the defendant was of no value," and that a machine
set up by the plaintiff in Springfield "did not produce merchantable bricks;"
but there was also evidence, in behalf of the plaintiff, that "an improved ma-
chine, made under the same patent," and set up in New York, "would pro-
duce perfect bricks."

"The defendant asked the judge to rule that the question in controversy was
whether or not the rights offered to be conveyed to the defendant were of value;
and that, although the full rights secured by letters patent might be of value, if
the right to use or other rights offered to be conveyed to the defendant were of
no value, the plaintiff could not recover; and the judge did so rule, but with
this limitation and qualification, that, if the invention as recorded by letters
patent was capable of any beneficial or practical use under the specification or
claim set out in the specifications and letters patent, then the patent would be
of value, and, if the patent was of value, then the interest offered to be con-
veyed under this assignment would be of value." The jury found for the plain-
tiff, and the defendant alleged exceptions.

---

*M. P. Knowlton,* (*G. M. Stearns* with him,) for the defendant.

*N. A. Leonard,* ( *G. Wells* with him,) for the plaintiff.

GRAY, J. The instructions asked for were rightly modified, and the instructions given were correct. If a patent is valid, an assignment of the patent, or a conveyance of any interest under it, is a good consideration for a promise by the grantee. The validity of a patent, in point of utility, does not depend upon the question whether its use will be attended with pecuniary profit, but simply upon the question whether it can be applied to some practical or beneficial, and not merely frivolous or mischievous purpose. *Bedford* v. *Hunt,* 1 Mason, 303, 304. *Nash* v. *Lull, ante,* 60. *Exceptions overruled.*