Thomas S. Harlow *vs.* George D. Putnam & another.

Middlesex. Jan. 8. — June 28, 1878. Ames & Lord, JJ., absent.

An exclusive license to manufacture, under letters patent, for a specified time, containing an agreement to convey to the licensee at the end of that time, at his election, is without consideration, if the letters patent are void; and the licensor cannot maintain an action against the licensee for the price agreed to be paid.

Contract against George D. Putnam and David E. Saunders, Jr., to recover $33.33, alleged to be due the plaintiff on May 1, 1875, under the following agreement, dated March 27, 1875, and signed by the plaintiff and defendants:

"Whereas Thomas S. Harlow is the owner of letters patent of the United States, numbered 77,458, for an improvement in grate bars, and Messrs. George D. Putnam and David E. Saunders, Jr., copartners, doing business under the name of George D. Putnam & Co., are desirous of manufacturing grate bars under said letters patent, and of securing a right to purchase the same within one year from February 1st, 1875, if they shall elect so to do; now, in consideration of the premises, the said parties agree as follows:

"The said Putnam and Saunders agree to pay to said Harlow the sum of four hundred dollars as follows, viz.: sixty-six $\frac{67}{100}$ dollars at the time of signing these presents, and thirty-three $\frac{33}{100}$ dollars on the first day of each month thereafter, commencing on the first day of April, A. D. 1875, until said sum of four hundred dollars shall have been paid. And if, on or before the first day of February next, said Putnam and Saunders shall elect to purchase of said Harlow said letters patent upon the terms hereinafter named, then said sum of four hundred dollars shall be deemed to have been paid on account of the purchase money, but if they shall not elect to purchase, then the same shall be deemed to have been paid for the license to manufacture for one year under said letters patent, and said Harlow, for the consideration aforesaid, hereby gives to said Putnam and Saunders the sole and exclusive right to manufacture grate bars under said letters patent until the first day of February next, or so long as they shall continue to make the monthly payments above provided, but if at any time such payment shall be one month in

arrears, then such license may, at his option, be revoked by said Harlow, and this contract terminated. And said Harlow further agrees that, if said Putnam and Saunders, having made all the payments coming due as above, shall, on or before February 1, 1876, elect to purchase of him said letters patent, he will sell, assign and convey the same to them for the sum of two thousand dollars, and interest at the rate of seven per cent. per annum till paid, as follows: interest shall be computed on the principal sum from February 1, 1875, every six months, and on payments made by said Putnam and Saunders from their respective dates to the same time, and the balance remaining, after deducting the sum of the payments and interest from the purchase money and interest at the end of six months from said February 1, 1875, shall form a new principal on which interest shall be computed as before. And if said Putnam and Saunders shall so elect to purchase, they shall make to said Harlow a monthly payment of fifty dollars on the first day of February, A. D. 1876, and on the first day of each month thereafter, until the whole amount of payments and interest, computed as above, shall be equal to said sum of two thousand dollars and interest, computed as above. The conveyance and assignment of said letters patent to be made by said Harlow as soon as said sum of two thousand dollars and interest shall have been paid. If, after their election to purchase as above provided, said Putnam and Saunders shall be in arrears one month in their said monthly payments, said Harlow may give them or either of them notice of his intention to terminate and cancel this contract. And if they shall not, within thirty days after such notice, pay to him all arrearages due at the time of such payment, then he may, at his option, declare this contract cancelled and terminated, and thereupon all their rights under the same shall cease and determine, and all payments made by them before that time shall be taken to have been paid for license to manufacture under said letters patent up to that date. Said Harlow will make no contract, conveyance or assignment which will disable him from fulfilling this contract on his part, and in case of his death, while the same remains in force, the same shall be binding on his executors and administrators."

Trial in the Superior Court, without a jury, before *Brigham,* C. J., who allowed a bill of exceptions in substance as follows:

The letters patent, to which the declaration relates, were No. 77,458, issued by the United States to Henry Collinson and James O. Boyle on May 5, 1868; and the plaintiff became assignee of the same on September 7, 1869. On April 1, 1856, letters patent were issued in England to John Gray, applying to an invention identically, in substance and form, the invention to which the plaintiff's letters patent applied.

On March 27, 1875, the defendants paid to the plaintiff $66.67, and on April 1, following, $33.33, but the defendants afterward discovering, before May 1, following, the fact of the letters patent to Gray, refused to make to the plaintiff the payment of $33.33, as provided in the contract, on May 1, 1875, and notified the plaintiff that they should refuse to make any further payments to him under the contract, on the ground that the contract related to a void patent, and was without consideration or legal effect.

Prior to the contract with the plaintiff, the defendants had manufactured grate bars under a patent issued to them, or of which they were assignees, and, as their manufacture under this patent was an infringement, or supposed by them to be an infringement, of the patent to which the contract declared on applies, they obtained, of the person who was then assignee thereof, a license to manufacture, and manufactured more or less grate bars under it, for their protection in the manufacture of grate bars under their own patent. The defendants' arrangements to manufacture grate bars, under the patent to which the contract declared on applied, not having proved satisfactory, practically, to them, they made the contract declared on with the plaintiff, having then no notice or knowledge of the patent to Gray.

The plaintiff contended that there was good and sufficient consideration for the contract declared on, and that such contract could be enforced in this action, notwithstanding that his letters patent were void; and that such consideration consisted in the defendants' immunity from interference in the manufacture of grate bars under their own patent, although they thus infringed the patent to which the contract applied; security from such interference for one year, with a right of investigation for that

period, and of purchase, at the end of that period, of the patent to which said contract applied.

The judge ruled, upon the foregoing facts, that there was no consideration for the contract alleged, which would support this action, and ordered judgment for the defendants. The plaintiff alleged exceptions.

*E. F. Hodges*, for the plaintiff.

*W. S. Stearns*, for the defendants.

SOULE, J. In consideration of an exclusive license, for the term of about one year, to manufacture certain grate bars under a patent, and of the undertaking of the plaintiffs to convey said patent to the defendants, on terms set forth in a written contract, the defendants undertook to pay the plaintiff the sum of $33.33 on the first day of each month until the expiration of the year, the sum so paid to be counted as a part of the agreed price of the patent, if the defendants should elect at the end of the year to buy the patent, but otherwise to be regarded as payment for the license. Before the second monthly payment fell due, the defendants discovered that the patent was void for want of novelty in the alleged invention, and refused to make further payment for that reason, and informed the plaintiff that they regarded the agreement as of no effect. The plaintiff seeks to recover the amount of the instalment agreed to be paid on the first day of the second month.

The only consideration for the promise of the defendants was a right under the patent. The patent being void, the license gave no rights which the defendants had not before; and the assignment, if made, would not have conveyed any, because the patent gave none to its owner. The case is, therefore, within the principle repeatedly declared by this court, that the grant of an interest in or a right under a void patent is not a valid consideration for a promise by the grantee. *Bliss* v. *Negus*, 8 Mass. 46. *Dickinson* v. *Hall*, 14 Pick. 217. *Bierce* v. *Stocking*, 11 Gray, 174. *Lester* v. *Palmer*, 4 Allen, 145. *Nash* v. *Lull*, 102 Mass. 60. *Howe* v. *Richards*, 102 Mass. 64, note. *Jackson* v *Allen*, 120 Mass. 64.

By the notice to the plaintiff, the defendants abandoned all benefit of the license, and left it open to the plaintiff to test his title to the invention by suit against them for infringement.

*Exceptions overruled.*