## CLEMSHIRE V. BOONE COUNTY BANK.

Decided November 15, 1890.

*Promissory note—Failure of consideration—Infringement of patent right.*

A promissory note, the sole consideration of which was an interest in a telephone exchange company, whose business and property were valueless except as operated to infringe on the patent rights of the American Bell Telephone Co., is without consideration and void.

APPEAL from *Boone* Circuit Court.

R. H. POWELL, Judge.

The Boone County Bank sued Clemshire on a note executed by him to it, in consideration of the transfer to him of a certain interest in the Boone County Telephone Company, an unincorporated company organized to do a telephone exchange business. Defendant's answer alleged a failure of consideration. The court, refused, at the request of the defendant, to declare the law as follows: "If the consideration of the note sued on was certain stock in the Boone County Telephone Co., and an interest in certain telephone lines in and about Harrison, Arkansas, and certain material to be used in operating said telephone lines in carrying on a telephone exchange business; and if said stock and material and lines had no value at the time said note was executed, except to be used in the continuing of said exchange business; and if the use of said material and the car-

rying on of said business was, at the time said note was executed, an infringement of the patent rights of the American Bell Telephone Co.; and if these facts were known to the officers of plaintiff at the time said note was executed, then the defendant would not be liable on said note, and the plaintiff could not recover in this action.'' Four other declarations, embodying substantially the same propositions of law, were rejected by the court.

There was judgment for the plaintiff. Defendant appeals.

*B. B. Hudgins* and *W. S. McCain* for appellant.

1. There was no valid consideration for the note, and the first five declarations of law asked by defendant, should have been given.  3 Wall., 377; 13 Otto, 49; 25 Ark., 349; 25 Ark., 209; 32 Ark., 631; 51 Ark., 519; 29 Ark., 386; 124 Mass., 553; 148 Mass., 359; 18 Wis., 462; 3 D. & E., 438; 13 Wend., 385; 11 Ohio, 462; 3 N. W. Rep., 338; 16 Ill., 153; 34 Wis., 461; 2 Bosw. (N. Y.), 387; 3 Day (Conn.), 145.

2. The contention, that, if one knows there is no consideration for his contract, or if he knows the consideration is illegal, he has no right to plead the want or the illegality of the consideration, is not well taken.  73 Mo., 510; 66 N. Y., 212; 82 N. Y., 526; 57 Barbour (N. Y.), 84; 19 La. An., 106.

3. See 17 Ark., 9.

BATTLE, J.   The first five declarations of law asked for by appellant were based on evidence adduced on the trial. If the facts therein hypothetically stated were true, the note sued on was without legal consideration and void.   The law should have been declared as therein asked.  *Rowe v. Blanchard*, 18 Wis., 462; *Rice v. Garnhart*, 34 Wis., 453, 461; *Bliss v. Negus*, 8 Mass., 46; *Dickinson v. Hall*, 14 Pick., 217; *Harlow v. Putnam*, 124 Mass., 553; *Electric Co. v.*

*Howard*, 148 Mass., 359; *Brown v. Tarkington*, 3 Wall., 377; *Cross v. Huntly*, 13 Wend., 385; *Darst v. Brockway*, 11 Ohio, 462; *Nye v. Raymond*, 16 Ill., 153.

Reversed and remanded.

COCKRILL, C. J., did not participate.