FRED SCHROEDER v. DAVID H. NIELSON.

FILED FEBRUARY 8, 1894.   No. 5272.

1. **Negotiable Instruments:** CONSIDERATION. A promissory note given for the privilege of using or selling an article which all men are equally at liberty to lawfully use and sell, lacks consideration to support it.

2. ———: ACTION BY INDORSEE: BURDEN OF PROOF. In a suit against the maker of a promissory note by an alleged indorsee thereof, as such, the defendant's answer denied plaintiff's ownership. *Held*, To entitle plaintiff to recover, he must establish, by competent evidence, that the indorsement on the note was that of the payee.

3. **Contracts:** RULE OF CONSTRUCTION. Where the terms of an agreement were intended in a different sense by the parties

thereto, in a suit between the parties on such agreement the court will construe the agreement as understood by one party when the evidence shows that the other was aware of such first party's understanding of the agreement, and that such understanding induced him to execute it.

Error from the district court of Douglas county. Tried below before Estelle, J.

*W. S. Felker* and *H. B. Holsman,* for plaintiff in error.

*G. E. Bertrand, contra.*

Ragan, C.

Fred Schroeder sued David H. Nielson in the district court of Douglas county on a promissory note given by the latter to Ingolsbe & Co., and by them assigned to Schroeder. The case was tried to the court, a jury being waived, and Nielson had judgment, and Schroeder brings the case here on error.

The trial court specifically found that the note was given without consideration and that Schroeder purchased it with knowledge of that fact. The evidence fully supports the findings of the court.

Counsel for plaintiff in error cite us to numerous authorities, among others, *Moses v. Comstock,* 4 Neb., 516, and *Nash v. Lull,* 102 Mass., 60, to show that a note, given for a patent right or license to use or vend a patented invention, is supported by good consideration ; but these authorities are not in point here. There is nothing in this record showing, or tending to show, that the note in suit was given for a patent right or for a license to use or vend one. To put it mildly, this note was procured by false pretenses. As it may be useful in practice, we quote the "article of agreement" executed between the original parties to this note at the time it was given:

"Article of agreement, made and entered into this 15th day of December, A. D. 1887, by and between Ingolsbe

Schroeder v. Nielson.

& Co., of Chicago, state of Illinois, parties of the first part, and D. Nielson, of Union, of the county of Douglas, state of Nebraska, party of the second part, witnesseth:

"That said parties of the first part, as legal owners of an improved machine to manufacture the combination slat and wire fence, and desiring to establish a permanent industry in Douglas county for the purpose of manufacturing and selling said fence, do hereby make and constitute the party of the second part a lawful agent, with power to contract, build, or sell, the manufactured fence in the township of Union, county of Douglas, state of Nebraska. The manufactured fence to be kept in stock by the manufacturing agent, Veny Kelsey, at Millard, county of Douglas, state of Nebraska, and at all times to be furnished to the second party at wholesale prices: 35–40 cents per rod for two-foot or hog fence; 50 cents per rod six-wire fence; 60 cents per rod for eight-wire fence; and 65 cents per rod for ten-wire fence. All the fence to be composed of No. 12 annealed steel and galvanized wire, with forty-six pickets per rod. The manufacturing agent has also bound himself by contract to use his endeavors to sell the fence, and on all sales made by him or at the factory to credit the township agent wherein the fence goes with all in excess of wholesale prices, the same to be sold so that the net profit to the agent shall at all times be fifteen cents per rod, or $48 per mile.

"The party of the second part, for and in consideration of the rights and privileges herein granted, does hereby agree to use his endeavors to sell the fence in the above named territory, keep a true account of the same, and remit by draft or postal order to the first parties five cents per rod of the commission, after he has received all of the commission amounting to $360 on the first twenty-four hundred rods sold, as he has this day paid $120 to the first parties by the execution of his obligation, his commission on eight hundred rods, said eight hundred rods to be sold

26

in one year from above date, as said obligation is given in consideration of the township, two-thirds interest in the business and privileges herein granted, and if said eight hundred rods of fence are not sold at the expiration of one year, and said $120 not obtained by the extended date of one year from maturity of said obligation, said Ingolsbe & Co., or their authorized representatives, are unconditionally empowered to cancel said obligation of said agent and appoint another agent in his stead, returning to said agent the original obligation of $120, but not the amount of commissions paid thereon.

"The second party has also the right to use on all his own lands the fencing at factory prices and the exclusive management of the business in his territory, and is to report amount of business by letter, to the first parties at the general office in Chicago, Ill., quarterly, on or before January, April, and October.

"In witness whereof, we have hereunto set our hands the day and year above written.

"INGOLSBE & Co.
"DAVID H. NIELSON."

Neither by this agreement, nor the evidence, does it appear that the "combination slat and wire fence" was a patented article or invention, and the court certainly will not presume it was. For aught that this record shows, any person had the lawful right at all times and places to manfacture, build, buy, and sell this fence. A promissory note given for the privilege of using or selling an article which all men are equally at liberty to use and sell, lacks consideration to support it. But this "article of agreement" must be construed as the agent of Ingolsbe & Co. knew at the time it was signed by Nielson that he understood it. (Sec. 341, Code Civil Procedure.) It is clear from the evidence that Nielson understood, when he executed the note in suit, that the article of agreement required that the note should be canceled and returned to him if he

did not, within one year, sell sufficient fence to earn him a commission of $360; that the party who induced Nielson to execute the new agreement put such a construction on the agreement and thus procured Nielson's signature to the note.  Ingolsbe & Co., if there is such a firm, could not enforce this note against Nielson, and Schroeder not being an innocent purchaser, is in no better condition.  This judgment is right for another reason.  The answer of Nielson denied Schroeder's ownership of the note.  The note was drawn payable to the order of Ingolsbe & Co.  It was indorsed "Ingolsbe & Co., O. Ingolsbe."  There was no proof offered that the indorsement "Ingolsbe & Co." was made by that firm, a member thereof, or by any one else.  The note was offered and admitted in evidence, but that did not prove that the indorsement thereon was that of the payee.  The judgment of the district court is

AFFIRMED.