P. L. JOHNSON, APPELLEE, v. MARGARET A. ENGLISH ET AL., APPELLANTS.

FILED FEBRUARY 2, 1898. No. 7812.

1. **Evidence: DOCUMENTS: INDORSEMENTS: OFFER.** An offer and reception in evidence of a certificate of purchase at tax sale, if it have an indorsement of an assignment thereon, do not include and carry with them as evidence such assignment, unless the offer and reception were sufficiently broad to and did include such indorsement.

2. ————: CONSTRUCTION OF STIPULATION. Certain of the words employed in a stipulation of the parties examined and construed, and *held* not to be an admission or statement that the original purchaser at tax sale was the assignor of the party asserting ownership of the certificate of purchase at tax sale by assignment thereof to him by such purchaser, and not an admission or statement that such an assignment had been made.

APPEAL from the district court of Douglas county. Heard below before FERGUSON, J. *Reversed.*

*James P. English*, for appellants.

*Ralph W. Breckenridge, Saunders, Macfarland & Dickey*, and *George E. Pritchett, contra.*

HARRISON, C. J.

The appellee, P. L. Johnson, commenced this action in the district court of Douglas county to foreclose a tax lien against a lot in Hanscom Place addition to the city of Omaha.   It was of the allegations of the petition that one E. B. Baer had on a stated date purchased the designated property at tax sale and received a certificate of such tax sale and that he subsequently paid certain taxes which were assessed against the property.   It was also pleaded that the appellee Johnson became the owner of the tax sale certificate by purchase from E. B. Baer and its due assignment and transfer by the latter. Andrew J. Hanscom, who was of the parties defendants in the district court, answered, and among the matters pleaded set forth the execution and delivery to him and his ownership of a mortgage of the premises in controversy and prayed its foreclosure and establishment as a first lien on the property.   The appellants answered, setting forth certain matters by reason of which it was asserted the claimed lien of appellee Johnson was of none effect and denied the assignment of the certificate to him and his ownership thereof.   The trial resulted in the appellee Johnson being accorded a lien as claimed and it was allotted priority to that of Andrew J. Hanscom, of which there was a foreclosure decreed.

In this, an appeal to this court on behalf of the holders of the title to the lot involved in the suit, it is contended that there was no evidence that Johnson was the owner of the certificate of purchase at tax sale—that it was not shown to have been assigned to him.   The fact of assignment of the certificate and Johnson's consequent ownership thereof was of the issues raised by the pleadings, and it devolved on him to produce the proof of such fact.   The certificate of purchase at tax sale is a creature of the statute and the law by which it was created also prescribed the manner in which its sale or assignment might be evidenced.   See sections 116 and 117 of article

1, chapter 77, Compiled Statutes, in the latter of which it is stated: "The certificate of purchase shall be assignable by indorsement, and the assignment thereof shall vest in the assignee, or his legal representative, all the right and title of the original purchaser; and the statement in the treasurer's deed of the fact of the assignment shall be presumptive evidence of such assignment." Whether it may be sold and its transfer proved in a manner other than provided in the statutory law we need not now discuss or determine. In this action a transfer by indorsement was alleged and relied on, and whether established by proof is to be our inquiry.

It is of the findings of the court embodied in its decree that "The court further finds that on or about the first day of February, 1894, the said E. B. Baer sold, assigned, and transferred the said tax certificates, together with all his right, title, and interest therein and to the taxes paid thereon, to P. L. Johnson, this plaintiff, who is now the owner and holder thereof," etc., from which we would be induced to expect the record to disclose the evidential facts to warrant such conclusion. The bill of exceptions does not purport to contain all the evidence introduced during the trial. All evidence of a documentary character is, we presume, omitted therefrom. The following stipulation appears in said bill: "In order to avoid incumbering the record by attaching copies of the exhibits referred to in the bill of exceptions, it is hereby stipulated by and between all of the parties to this suit, that all the taxes and special assessments set out and mentioned in the petition of the plaintiff were duly, legally, and regularly assessed and levied, and were valid liens upon the real estate set forth in the petition, and that said taxes and special assessments were paid by E. B. Baer, the party mentioned in the petition. As plaintiff assignor." The certificate was offered and received in evidence, and it was stated in argument that as the certificate is not contained in the bill of exceptions, and the court has stated in its finding that

the certificate was duly assigned, it is fair to presume that the assignment from Baer to Johnson did appear indorsed thereon, but even if it did, this would not be sufficient, for the offer and reception of the certificate would not and did not carry with it and include the reception of the indorsement as substantive evidence of the assignment. To effect this it was necessary that the indorsement be identified, offered, and received in and of itself independently as testimony of the certificate. No offer or reception as testimony of the indorsed assignment, if it existed, was made or had during the trial and it was not of the evidence. See *Schroeder v. Neilson*, 39 Neb. 335, where, in an action on a promissory note by the indorsee or assignee thereof, the note was introduced with the indorsement thereon, but without any direct reference to or proof of the latter, it was stated in an opinion in an error proceeding to this court in regard to whether the introduction and proof of the indorsement were thus accomplished as follows: "The answer of Neilson denied Schroeder's ownership of the note. The note was drawn payable to the order of Ingolsbe & Co. It was indorsed 'Ingolsbe & Co., O. Ingolsbe.' There was no proof offered that 'the indorsement 'Ingolsbe & Co.' was made by that firm, a member thereof, or by anyone else. The note was offered and admitted in evidence, but that did not prove that the indorsement thereon was that of the payee." See also *Cummins v. Vandeventer*, 52 Neb. 478, an action for the foreclosure of a mechanic's lien, on the trial of which the original account and claim of lien with the indorsement of the county clerk of the filing thereof was offered and received in evidence without reference to or including in the offer and reception the filing as substantive testimony in and of itself. It was held that the offer and reception of the lien did not include and carry with it the indorsement. See to the same effect *Noll v. Kenneally*, 37 Neb. 879. It follows that the assignment was not shown and the right of Johnson to maintain the action

did not appear, and the finding of the court on this point was without support in the evidence.

It is further argued in this connection that it is admitted in the stipulation, which we have quoted herein, that the assignment had been made. The stipulation, we gather from the record, was in type-writing to and including the words petition, after which there was a period; following this mark there was written in the stipulation with pen and ink the words, "as plaintiff assignor." The contention for appellee is that these words are used in the stipulation of Baer, the original owner of the certificate of tax sale, in a descriptive sense and indicative of the relation which he bore to Johnson, the appellee, and amount to an admission that he was plaintiff's assignor and assigned the certificate to appellee. This to us is a strained construction of the stipulation. Taking the words to which we have referred in the connection in which they were placed by the writer and reading them as it seems proper to, all things considered, they must be construed to mean and to refer to Baer as the party mentioned in the petition as the assignor of plaintiff, now the appellee Johnson. This being true, there is nothing in the record to show that Baer had assigned the certificate to Johnson or the latter's ownership of said instrument.

The decree of the district court to the extent it awarded appellee Johnson a lien and the foreclosure thereof must be reversed and the case remanded to the district court for further proceedings.

REVERSED AND REMANDED.