Levy v. Cunningham.

MARK LEVY ET AL. V. GEORGE W. CUNNINGHAM ET AL.

FILED OCTOBER 20, 1898. No. 8366.

1. **Parties to Action:** DEFENSE. That plaintiffs were not the owners of the claim on which the action was predicated and were not the real parties in interest were proper matters of defense in the case at bar.

2. **Principal and Agent:** SIGNATURES: EVIDENCE. The instrument introduced to show the authority of a party to sign another's name *held* to be restricted to signatures of the latter as officer of a company when necessary in the transaction of its business, and not applicable to his individual affairs.

3. **Evidence:** INDORSEMENTS ON INSTRUMENTS. The offer and reception in evidence of certificates of purchases at tax sales do not include and make of evidence indorsements of assignments thereon, unless the offer was broad enough for such purpose.

4. ———: INSTRUCTIONS. It is error to give instructions which treat as established a disputed fact as to which there is a conflict in the evidence.

5. ———: ———: ISSUES. An instruction in which it is attempted to include all the elements of the issues necessary to a finding for one of the parties to a suit and from which is omitted a material element is erroneous, and, if given, may furnish cause for reversal of a resultant judgment.

ERROR from the district court of Adams county. Tried below before BEALL, J. *Reversed.*

*A. H. Bowen* and *J. B. Cessna,* for plaintiffs in error.

*Tibbets Bros., Morey & Ferris* and *Batty, Dungan & Burton, contra.*

HARRISON, C. J.

In this action, commenced in the district court of Adams county, in the petition filed it was of the matters alleged that during the year 1891, and for a term which had its inception during 1890 and extended to 1892, Charles H. Paul was treasurer of Adams county, and the other parties named as defendants were his sureties on his bond as such treasurer; also that "On the 13th day of November, 1891, one James L. Britton, being then the owner of the legal title to the same, sent to said Adams county treasurer, Charles H. Paul, the following tax certificates, among others, to-wit: Numbers 684, 685, 868, 869, 990, 991, 1018, 1026, 1027, 1032, 1070, 1119, 1120, 1121, 1132. The lands represented by said certificates were purchased by said James L. Britton at the tax sale of 1889, held by the said Charles H. Paul, treasurer of Adams county, Nebraska, and said certificates were received from the said treasurer, Charles H. Paul, by the said James L. Britton, and each of the said certificates bears date the 8th day of November, 1889, and plaintiffs allege that said tax certificates were sent by the said James L. Britton to the said Charles H. Paul, treasurer, some time in the month of November, 1891, and were received by the said Charles H. Paul, treasurer, prior to and not later than the 25th day of November, 1891, and said certificates were so sent to the said treasurer, together with other certificates, in pursuance of an arrangement, understanding, and custom by which certificates were to be sent on for a remittance of all redemption moneys paid in thereon, or for the issuance of tax deeds, as the case might be." It was further pleaded that prior to the time the certificates were forwarded to

the treasurer redemption had been made of the real estate described therein and the money was in the hands of the treasurer for the owner of the certificates; that the treasurer failed and refused to pay the said money to James L. Britton and did not account to his successor in office for the same. It was further stated that "On the 5th day of December, 1893, the said James L. Britton sold, transferred, and assigned all his right, title, and interest in and to the above described certificates, redemption money, and costs, and all his rights thereunder, to the plaintiff George W. Cunningham, for the use and benefit of the plaintiff, the National Bond & Debenture Company, and the said plaintiff George W. Cunningham now holds the legal title to the same for and on behalf of said National Bond & Debenture Company. Plaintiffs allege that not less than thirty days subsequent to said assignment the said James L. Britton departed this life." The answers of the defendants, now plaintiffs in error, put in issue the parties petitioners' ownership of the certificates and their right as real parties in interest to maintain the action. A trial resulted in a verdict and judgment for the complainants and the unsuccessful parties have prosecuted error proceedings.

It was assigned specifically that the trial court erred in giving to the jury paragraphs numbered 2, 3, 4, and 8 of the charge; they read as follows:

"2. The jury are instructed that when redemption money is paid to a county treasurer or his deputy, such moneys are held by the treasurer subject to the order of the holder of the tax certificates in redemption of which said moneys are paid, and if the treasurer fails to pay over such moneys on demand, then the treasurer and the sureties on his official bond became absolutely liable therefor to the owner of the tax certificates so redeemed. If, therefore, you find from the evidence that the redemption money in controversy was paid to Charles H. Paul, treasurer, or to his deputy, and that a demand was made for said money by the owner of the tax certificates, his

agent or attorney, and that said Charles H. Paul never paid or remitted said money to the owner of said tax 'certificates, his agent or attorney, then your verdict must be against said Charles H. Paul and the sureties on his official bond.

"3. The jury are instructed that section 119, chapter 77, article 1, of the Compiled Statutes, provides that when redemption money is paid to a county treasurer, the said treasurer may charge a fee of 25 cents, and shall hold the redemption money paid subject to the order of the purchaser, his agent or attorney. Under this statute it is the duty of the treasurer to remit or pay over such redemption money upon demand being made therefor, either by mail or otherwise, by the owner of the tax certificates, his agent or attorney. The statute makes the treasurer the agent or trustee of the owner of the tax certificates, so far as holding or paying over money is concerned, and the treasurer has no right or authority under the statute to make any charge to the owner of the tax certificates for holding or paying over such money. The law provides for the compensation of the county treasurer, and he is not permitted to make any extra charge to the owner of tax certificates for performing his duty. If, therefore, you find from the evidence that the redemption money in controversy was paid over to Charles II. Paul, county treasurer, or to his deputy, and a demand was made therefor of Charles H. Paul, treasurer, by the owner of the tax certificates, or his agent or attorney, and such money was not paid to said owner of tax certificates or his agent or attorney, then you should find for the plaintiffs.

"4. The jury are instructed that where the law makes a public officer an agent or trustee for a certain purpose, such officer cannot, by constituting, or attempting to constitute, himself a private agent for that purpose, evade or avoid liability, either for himself or his bondsmen. If, therefore, you find from the evidence that Charles H. Paul was the county treasurer of Adams

county, Nebraska, that while such treasurer the redemption money in controversy was paid to him, then the statute constitutes Charles H. Paul the agent or trustee of the owner of the tax certificates for holding and paying over such money on demand, and if the redemption money was demanded of Charles H. Paul by the owner of the tax certificates and not paid over, your verdict must be for the plaintiffs, regardless of whether Charles H. Paul was constituted or attempted to constitute himself a private agent of the owner of the tax certificates for the purpose of collecting and remitting redemption money, for it was his duty under the law to remit the money for all tax certificates redeemed."

"8. If you find from the evidence that there was a shortage in the accounts of Charles H. Paul, treasurer, at the time he went out of office, and that the redemption money in controversy constituted a part of said shortage, then you must find for the plaintiffs."

Of each it is complained that it was attempted therein to state specifically the matters to be determined and on which must be based a finding against the complainants, and that each ignored the issue of the ownership by defendants in error of the certificates and their right to maintain the action. As is observed in the brief filed for plaintiffs in error the main question of the litigation was the defendants in error's ownership of the certificates and right to the action.

We will now turn our attention to some of the propositions advanced in argument for defendants in error for the avoidance of the force of the objections raised for plaintiffs in error. In the petition the right of the pleaders to sue and to recover was predicated on an assignment of the certificates on a specific and particular date to one of the parties for the use and benefit of the other, and, strictly speaking, could only be properly and satisfactorily supported by proof of such an assignment.

The first contention for defendants in error which we will notice is that the defense interposed of their non-

ownership and lack of interest in the cause was not entertainable or of force, and the court should not have inquired into or attempted to adjust differences or possibly conflicting claims of defendants in error, and a third party not impleaded in the suit. To this we cannot agree under the issues and their pleading. It was for them to establish that they were the owners of the certificates or were the real parties in interest. In this action plaintiffs in error were entitled to demand such a showing. (*Schroeder v. Neilson*, 39 Neb. 335; *Central City Bank v. Rice*, 44 Neb. 594.)

Defendants in error offered and were allowed to introduce proof which tended to establish that the properties were purchased by James L. Britton, and in whose name the certificates in terms ran for and in behalf of the National Bond & Debenture Company, and that such company was the real purchaser and owner. The evidence on this point was conflicting, if indeed it, under the issues presented by the pleadings, was available to the parties for whom it was urged as forceful. To sustain the allegations of the petition relative to the transfer from James L. Britton to the company there was introduced as the authorization of the assignment of the certificates the following:

"ARKANSAS CITY, KANSAS, October 3, 1893.

"To Whom it May Concern: Know all men by these presents, that I, the undersigned, James L. Britton, do hereby authorize Geo. W. Cunningham to sign my name in indorsing checks or drafts received by the National Bond & Debenture Company; also to sign my name whenever necessary in the general conduct of the business of the National Bond & Debenture Company.

"JAMES L. BRITTON.

"Subscribed in my presence this 3rd day of October, 1893. : H. S. COBURN,
"*Notary Public,*"

And in direct connection the asserted assignment as follows:

"Arkansas City, Kansas, December 5, 1893.

"For value received, I hereby assign to George W. Cunningham, for the use and benefit of the National Bond & Debenture Company, of Arkansas City, Kansas, the following Adams county, Nebraska, tax sale certificates, sale of November 8, 1889, viz: Numbers 684, 685, 1119, 1120, 1121, 1132, 868, 869, 1026, 1027, 990, 991, 1018, 1032, and 1070. The property covered by all the above said certificates having been redeemed from said tax sale, and suit in the name of James L. Britton against Adams county having been brought in the district court of Adams county, Nebraska, for the recovery of the money paid in redemption thereof with interest and costs. The said suit shall be continued in my name for the use and benefit of the said National Bond & Debenture Company, who shall pay all expenses and receive all benefits arising from said suit or any other suit brought for the recovery of the money paid in redemption as hereinbefore stated.

"James L. Britton,

By Geo. W. Cunningham,

"*His Attorney in Fact.*"

At the times of the transaction herein involved, James L. Britton was secretary and treasurer of the National Bond & Debenture Company, and it is strenuously insisted for the plaintiffs in error that the instrument of power to George W. Cunningham did but authorize him to sign the name of James L. Britton wherever and whenever it was necessary in the transaction of the general business of the National Bond & Debenture Company,—and it would no doubt frequently be necessary, being, as we have before stated, its secretary and treasurer,—and that the authorization had no reference to any private, personal, individual affairs of James L. Britton. A careful reading of the instrument in question leads to the conclusion contended for by counsel for plaintiffs in error. By no fair, reasonable interpretation of it does it contain anything which in the least indicates or grants any authority to the party designated to sign James L.

Britton's name. in matters appertaining to his personal and individual affairs. It follows that the assignment introduced in evidence, which we have quoted, was executed or Britton's name signed thereto without authority, and the assignment was of no force.

The certificates were in the custody of the county clerk, who was called as a witness and produced and identified them, after which they were received in evidence. On the back of each there appeared in writing the name "James L. Britton." After their reception in evidence a witness who was then being examined as to other facts was asked to identify such signatures, and stated they were James L. Britton's. This, it is insisted for defendants in error, constituted evidence of an indorsement of each certificate, and its transfer to the bond and debenture company or to George W. Cunningham for its use and benefit, and conjointly with the fact of their being delivered or turned over to George W. Cunningham, conclusively established such transfer.

In this connection reference is made to chapter 77, article 1, section 117, Compiled Statutes 1897, which is to the effect, or states in terms, that certificates such as were these in suit shall be assignable by indorsement. All that was done in regard to this signature, according to the record, is as follows:

Q. Did you ever see Britton write?

A. No, sir.

Q. Do you know his signature?

A. Yes, sir.

Q. Handing witness Exhibits B to P inclusive. State to the jury whose signature that is on the back of these several exhibits.

A. That is Mr. Britton's signature.

Q. Is the signature on the back of those several exhibits the signature of the James L. Britton whose name is contained as grantee in the several exhibits?

A. Yes, sir.

There was no offer or reception of the indorsement as

substantive evidence of the assignment. The offer and reception of the certificates did not include the assignment or indorsement. It was not offered and received independently, and it was not of the evidence. (*Schroeder v. Neilson*, 39 Neb. 335, 57 N. W. Rep. 993; *Noll v. Kenneally*, 37 Neb. 879, 56 N. W. Rep. 772; *Johnson v. English*, 53 Neb. 530.) This being true, this branch of the argument for defendants in error fails.

In the statement hereinbefore made, that the evidence was conflicting in regard to whether the purchases evidenced by the certificates in question were by James L. Britton for himself or were for the bond and debenture company or its benefit, we referred to the evidence considered, exclusive of certain depositions which were taken from the record of causes which had been commenced by or for James L. Britton against the county of Adams to recover the amount herein claimed and which depositions were not taken in this suit nor in an action between the same parties and were never filed in this case but were received in evidence; also, exclusive of some other documentary evidence obtained from other cases.

The trial court erred in instructing the jury as we have hereinbefore set forth. An attempt to cover in a single paragraph all the elements, which if determined established by the evidence or the weight thereof will warrant a verdict in favor of parties stated, and omitting therefrom a litigated element of the issues as to which the evidence admitted was conflicting, is error.

There are other assignments of error, but we do not deem their discussion necessary at this time. The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

RAGAN, C., took no part in the decision.