GEORGE M. GRANT, APPELLEE, v. FRANK N. CLARKE ET AL., APPELLANTS.

FILED FEBRUARY 23, 1899.    No. 8761.

1. Note: INDORSEMENT: EVIDENCE. Where issue has been joined on the averments of a transfer by indorsement of the notes sued on, the introduction of the notes in evidence, without referring

to the indorsement, amounts to a failure to introduce evidence indispensable to plaintiff's right of recovery.

2. **Default of Defendant.** The default of a defendant admits the truth of each averment of the petition aside from those of the amount of value or damages.

APPEAL from the district court for Douglas county. Heard below before KEYSOR, J. *Reversed.*

*Charles B. Keller, Charles F. Tuttle,* and *James P. English,* for appellants.

*W. A. Saunders, contra.*

RYAN, C.

In the district court of Douglas county this action was instituted by George M. Grant for the foreclosure of a mortgage securing two promissory notes. The payee of these notes, and the mortgagee, was Martha M. Ish. In his petition plaintiff alleged that by the indorsement of Martha M. Ish and the indorsement of H. Ambler plaintiff had become the owner of said notes and entitled to foreclose the mortgage securing the same. By their answers Walter and Minnie Moise and Anton and Mary Larsen denied the averments of the petition in such a manner that the execution of the assignments aforesaid were put in issue. The notes and mortgage were offered in evidence, but there was no offer of the alleged indorsements, and therefore there was no proof made of the assignments through which plaintiff claimed title to the notes and the right to maintain an action of foreclosure on the mortgage securing them. (*Noll v. Kenneally,* 37 Neb. 879; *Cummins v. Vandeventer,* 52 Neb. 478; *Johnson v. English,* 53 Neb. 530; *Levy v. Cunningham,* 56 Neb. 348; *Comstock v. Kerwin,* 57 Neb. 1.)

As against the parties who had put in issue the alleged assignments the decree lacked sufficient evidence to support it, and accordingly the judgment adverse to the appellants Walter and Minnie Moise and Anton and Mary

Larsen is reversed. Frank N. Clarke made default in the district court, and because of this fact all averments of the petition were properly taken as true, except as to the amount of the recovery (Code of Civil Procedure, sec. 134), and the proof on this point was supplied by the introduction of the notes. Mr. Clarke is, therefore, not entitled to a reversal, but as to the other appellants the judgment is reversed and the cause is remanded for further proceedings.

REVERSED AND REMANDED.