ARAH L. HUNGERFORD, APPELLANT, V. CHARLES O. MESSLER ET AL., APPELLEES.

FILED MARCH 1, 1922. No. 21909.

1. **Appeal: CONFLICTING EVIDENCE.** Where the issue is one purely of fact, the verdict of the jury rendered upon conflicting evidence will not be disturbed unless clearly wrong.

2. Instructions given, when considered as a whole, *held* free from error.

APPEAL from the district court for Dawes county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*J. E. Porter,* for appellant.

*Earl McDowell,* contra.

Heard before MORRISSEY, C.J., ROSE, ALDRICH and FLANSBURG, JJ., DICKSON and STAUFFER, District Judges.

ALDRICH, J.

This is an action at law brought to recover excessive

Hungerford v. Messler.

payments advanced by appellant to appellees on a written contract, which is admitted by both parties hereto, whereby appellees undertook to do certain work in the construction of houses and other buildings, and for moneys expended by appellant in having the contract work completed after appellees had abandoned it. The appellees filed an answer and cross-petition, setting up that appellees did certain extra work, and that appellant failed to perform his part of the contract, and claimed damages therefor. Verdict and judgment were for appellees in the sum of $35 on their cross-petition.

There are no complicated propositions of law. The principal question is one of fact, and the jury have passed upon the sufficiency of the same and the relation of these facts to the respective parties.

Appellant cites the legal proposition: "Where damages are susceptible of actual computation, the amount thereof should not be left to conjecture." *Paxton & Gallagher v. Vadbonker*, 1 Neb. (Unof.) 776. This citation is correct and states the law, but it is not controlling under the facts. The jury have passed upon the facts, and we will not disturb their finding.

Another proposition is: "An instruction in which it is attempted to include all the elements of the issues necessary to a finding for one of the parties to a suit and from which is omitted a material element is erroneous." *Levy v. Cunningham*, 56 Neb. 348. The disputed questions of fact were submitted to the jury. The evidence is sufficient to support the finding, and under the established rule the verdict will not be disturbed. The jury obviously considered the debits and credits to this transaction and made the proper allowance under the facts.

There is nothing remaining for us to consider and on the record we must affirm the judgment.

AFFIRMED.