THE GOODMAN, BOGUE & SHERWOOD COMPANY, PLAIN-
TIFF IN ERROR, v. J. W. PENCE, DEFENDANT IN
ERROR.

1. **Evidence.** *Held,* That a preponderance of the testimony sus-
tained the finding of the court below as to the amount due from
the defendant to the plaintiff.

2. **Mechanic's Lien.** A mere inchoate right to a mechanic's lien
is not assignable; such lien passes with an assignment of the
debt only where it has been perfected under the statute.

3. **Justice of Peace:** JURISDICTION: COSTS. Where a justice
of the peace has jurisdiction of the cause of action and it is
brought in the district court the plaintiff will not be entitled to
recover costs.

ERROR to the district court for Hall county. Tried be-
low before NORVAL, J.

*T. O. C. Harrison* and *Thompson Brothers,* for plaintiff
in error.

*O. A. Abbott,* for defendant in error.

MAXWELL, CH. J.

This is an action to enforce mechanic's liens upon certain
real property in the city of Grand Island. There are
three counts in the petition, in the first of which the plain-
tiff claims there is due to it from the defendant the sum
of $31.50 with interest from January 10, 1885; on the
second count the sum of $47.50 with interest from the
20th day of December, 1884, and on the third the sum of
$102.50 with interest from the 20th day of December,
1884.

The plaintiff claims as assignee of a verbal contract
made by one Benjamin Berry with the defendant to erect
and repair certain houses on lots owned by the defendant.

The account on which it is claimed the defendant is indebted to Berry was assigned to the plaintiffs before Berry had perfected a mechanic's lien on the premises by filing the same in the office of the county clerk.

On the trial a jury was waived and the cause was submitted to the court, which rendered a degree as follows:

"This cause came on to be heard on the issues joined between the parties, and after hearing the evidence of the witnesses, and the arguments of the counsel, the court finds that the said J. W. Pence, one of the defendants, is justly indebted to the plaintiff in the sum of one hundred one dollars and eighty seven cents, on account of the work, labor and material mentioned in said plaintiff's petition.

"And the court further finds that the liens mentioned and described in said plaintiff's petition as Exibit 'A,' filed against lots one (1), and two (2), in block nine (9), of Clark's Addition to the city of Grand Island, in said Hall county, was not filed within four months next following the date of the completion of the work on the building on said lots. And the court do further find that the plaintiff is entitled to a mechanic's lien on lots one and two, in block six, in Clark's Addition to the city of Grand Island, in said Hall county, in the sum of three dollars and seventy-five cents ($3.75), part of the sum so as aforesaid found due the said plaintiff. And the court do further find that said accounts and claims of lien in plaintiff's petition described, were duly assigned by the said defendant, Benjamin Berry, to the said plaintiff.

" It is therefore considered by the court now here, that the said plaintiff do have and recover of and from the said J. W. Pence the said sum of one hundred and one dollars and eighty-seven cents, so as aforesaid found due. And it is further ordered, adjudged, and decreed that unless the said J. W. Pence, defendant, shall within thirty days from the 23d day of February, A.D. 1886, that being the first day of the February, A.D. 1886, term of this

court, pay to said plaintiff the said sum of three dollars and seventy-five cents, found to be a lien as aforesaid, with the costs of this suit taxed at the sum of $61.62, that an order issue to the sheriff of this county, commanding him to cause the lands and tenements herein before described, to-wit: lots one and two, block six, in Clark's Addition to the city of Grand Island, to be appraised, advertised, and sold according to law, and out of the proceeds of said sale, pay the costs of this action, and all increase costs, and pay to the plaintiff the said sum of three dollars and seventy-five cents ($3.75), with interest from the 23d day of February, A.D., 1886, that being the first day of the February, A.D., 1886, term of this court.

"And it is further ordered, adjudged, and decreed, that the plaintiff within thirty days from the 23rd day of February, A.D., 1886, execute and deliver to said J. W. Pence, defendant, a release of the liens now on record against lots one and two, in block nine (9) in Clark's Addition to the city of Grand Island. And in default thereof, that this decree operate as such release."

Two questions are presented for determination. *First,* that the judgment is not supported by the evidence. There is direct conflict in the testimony as to the amount agreed to be paid for certain work, at whose request such work was performed, and as to the materials furnished. We have read the record carefully twice, and find a preponderance of the evidence sustaining the amount found due by the court below.

The judgment of the court below as to the amount found due is, therefore, affirmed.

*Second.* It appears from the pleadings and evidence that Berry did not acquire a mechanic's lien upon the premises described in the petition, but that an attempt was made by the plaintiff to perfect such lien. The question therefore presented is, does the assignment of the debt carry with it the lien or vest in the the assignee the right

by complying with the statute, to a lien? The mere performance of labor or furnishing material to another is not sufficient to entitle a party to a mechanic's lien. His right to the same depends upon compliance with the statute. Until he has so complied he has no lien which he can assign. When, however, he has acquired a lien, he may assign the same with the account to another. In other words, a mere inchoate right to a mechanic's lien is not assignable, although the lien when acquired passes with an assignment of the debt.

In Iowa, where by statute "Mechanics' liens are assignable, and shall follow the assignment of the debt" (Miller's Code, sec. 2139), it was held that the mere right which follows the performance of labor, and which for its existence depends upon the volition of the sub-contractor, was not assignable. *Brown v. Smith*, 7 N. W. R., 401. The court says: the language of the statutes is, the lien is assignable, and not the mere right. See also *Merchant v. Ottumwa Water Power Co.*, 6 N. W. R., 709. *First Nat'l Bank v. Day*, 3 N. W. R., 728. The mere assignment of the account therefore did not carry with it the right to a mechanic's lien.

If the mere assignment of the debt gave the assignee the right to assert the lien, then in cases where portions of the debt were assigned to different persons, each must file a lien for the amount due to himself, and thus instead of one lien against the property, there might be fifty or an indefinite number, which would render the proceeding cumbersome and oppressive. Before the assignment of the debt, therefore, will carry the right to a mechanic's lien, it must be perfected by properly filing the same in the office of the county clerk before the assignment is made.

The judgment of the district court, so far as it finds that there is a lawful mechanic's lien upon the real estate of the defendant, is therefore reversed, as also the judgment for costs in favor of the plaintiff in the court below, and as a

justice of the peace had jurisdiction in the case the plaintiff below cannot recover his costs.

As thus modified, the judgment of the court below is affirmed.

JUDGMENT ACCORDINGLY.

THE other judges concur.