H. W. DAVENPORT, PLAINTIFF IN ERROR, V. J. BYRON JENNINGS AND VINA W. JENNINGS, DEFENDANTS IN ERROR.

**Mechanics' Lien:** PLEADING: PETITION: WORK AND LABOR. A petition, on account for labor performed in the construction of a building under a certain contract, which alleges the execution of a contract, the performance of the labor thereunder by the plaintiff, the acceptance of the work by defendant, and the amount due thereon, with the usual prayer for judgment, *Held*, To state a cause of action, when assailed by demurrer.

ERROR to the district court for Hitchcock county. Tried below before COCHRAN, J.

*George E. Banks,* for plaintiff in error, cited: Bliss Code Pleading, Sec. 417. Maxwell's Pl. and Pr., 4th Ed., 117, 120. *Griffiths v. Henderson,* 49 Cal., 566. *Scales v. Paine & Co.,* 13 Neb., 522. *Doolittle v. Plentz,* 14 Id., 156. Code, Sec. 129.

*J. Byron Jennings (W. S. Morlan* with him), for defendants in error, cited: *Spinning v. Blackburn,* 31 Ohio. State, 131. *Jones v. Walker,* 63 N. Y., 612. *Bowen v. School District,* 10 Neb., 269.

REESE, CH. J.

This action was commenced in the district court of Hitchcock county. The purpose of the suit was the foreclosure of a mechanic's lien upon the real estate described in the petition. A general demurrer to the petition was sustained by the district court. The plaintiff declining to amend, the cause was dismissed. To reverse this judgment of dismissal, plaintiff brings error to this court.

It is said by counsel for the plaintiff in error, in his brief, that the question presented to the district court was

as to the sufficiency of the affidavit by virtue of which plaintiff claims the lien, and that the district court held the affidavit defective. No other question being presented, the demurrer was sustained.

It is but just to the judge who presided and decided the case to say, that the decision was made before the case of *Hays v. Mercier*, 22 Neb., 656, was decided by this court, and therefore the ruling was made with reference to the authorities from other states, based upon statutes different from our own.

But it is now contended by defendant in error that the decision was correct, without reference to the affidavit for mechanic's lien, and that in an action upon the contract alone, the petition fails to state sufficient facts to constitute a cause of action.

The petition, which was assailed by the demurrer, was as follows:

"1st. The plaintiff complains of the defendants for that, on or about March 15, 1887, one Wm. McIntyre entered into a written contract with J. Byron Jennings, one of the defendants, to make repairs and build additions and porches to a dwelling-house on lot 21 in the town of Culbertson, Neb. Said written contract, marked exhibit 'A,' is hereto annexed and made a part hereof.

"2d. In pursuance of said contract, said Wm. McIntyre made said repairs and builded said additions and porches, between the 15th day of March and the 15th day of April, 1887.

"3d. That on or about the 15th day of April, 1887, said J. Byron Jennings and Vina Jennings accepted said repairs, additions, and porches, and the work and materials in their construction, and took the keys to said house, and have received the benefits from the use and occupancy of said premises to the present time. Said Vina Jennings stating then and there that the balance of said contract price would be paid in a few days.

"4th. The defendant, Vina Jennings, at the time said Wm. McIntyre made the repairs, additions, and porches, was the owner in fee of said lot.

"5th. On the 8th day of July, 1887, and within four months from the time of furnishing said material and performing said labor in making said repairs, additions, and porches, said Wm. McIntyre made an account in writing of the balance due under said contract, and after making oath thereto, as required by law, filed the same in the clerk's office of Hitchcock county, and claiming a mechanic's lien therefor upon said lot and the building thereon.

"6th. That on the 12th day of August, 1887, said William McIntyre, for a valuable consideration, sold, assigned, transferred, and set over to this plaintiff said account, contract, and mechanic's lien, and this plaintiff is now the owner thereof.

"7th. The sum of ($75) seventy-five dollars, with interest from the 15th day of April, 1887, now remains due and unpaid on said account.

"8th. The plaintiff therefore prays judgment against the defendant for the sum of ($75) seventy-five dollars, with interest from the 15th day of April, 1887, and costs of suit, and that said premises may be sold, and the proceeds thereof applied to the payment of said judgment, interest, and costs, and for such other and further relief as may be just and equitable."

The argument is, that the relief sought is the foreclosure of a mechanic's lien, and that the petition is fatally defective in not alleging that the contract for furnishing the material was made with the owner or agent thereof; that the petition states that the contract was in writing, a copy of which is attached as an exhibit, and that it alleges that the title in fee of the property was in the defendant, Vina W. Jennings, while the contract shows that the agreement was made with the defendant, J. Byron Jen-

nings, as a personal obligation, and not as agent for any one. It is therefore contended that the petition is not sufficient to grant the relief prayed for. It is contended, also, that the petition states no cause of action on a contract. That a contract is simply mentioned in the petition (none of its terms being given) and referred to as an exhibit without even alleging a non-performance of any promise or duty.

During the argument the writer was inclined to adopt the views presented by defendant in error, and to hold that the petition, even as declaring upon a contract for money, was insufficient. But upon a more careful examination of the record, we think that position cannot be maintained. A reasonably liberal analysis of the petition will develop the following allegations: That on March 5, 1887, one McIntyre entered into a contract with J. Byron Jennings, one of the defendants, to make repairs, build an addition and porches to a dwelling-house; that in pursuance of said contract McIntyre performed the labor; that J. Byron Jennings and Vina Jennings, the defendants, accepted the work, took possession of the property, and retained its use; that Vina Jennings was the owner of the property at the time the contract was made and the labor performed; that the sum of $75 is due on said contract, and that the account has been assigned to plaintiff. The usual demand for judgment appears in the prayer of the petition. By an examination of the transcript, we discover that both defendants, J. Byron and Vina Jennings, joined in the demurrer, and thus jointly attack the petition. If a cause of action was stated as against one of the defendants, the demurrer should have been overruled. The allegations of the making of the contract between J. Byron Jennings and McIntyre for the labor alleged to have been performed, the performance of that contract on the part of McIntyre, the acceptance of it by the person making the contract, and that a specific

sum was due thereon, would be good under the rule of construction stated in section one of the civil code, and must be held sufficient when assailed by demurrer.

The judgment of the district court must therefore be reversed, and the cause remanded for further proceedings, which is done.

REVERSED AND REMANDED.

THE other judges concur.