WILLIAM H. NOLL, APPELLANT, v. JAMES KENNEALLY ET AL., APPELLEES.

FILED OCTOBER 17, 1893. No. 4902.

1. **Mechanics' Liens:** TIME TO FILE STATEMENT. A statement for a mechanic's lien must be filed with the register of deeds of the proper county within the time prescribed by statute, or the right to a lien is lost.

2. ——: ——: EVIDENCE. *Held,* That the evidence in this case fails to show that such a statement was ever filed.

3. ——: ASSIGNMENT OF CLAIM BEFORE FILING LIEN: RIGHTS OF ASSIGNEE. The transfer by a material-man to another party of his account for materials furnished for the construction of a building, before the filing of his claim for a lien, destroys the right to a lien, and confers no authority upon the assignee to file and enforce a mechanic's lien for such materials. The assignee, after such assignment, cannot perfect the lien by complying with the requirements of the statute.

4. ——: ACCOUNT AND AFFIDAVIT: DATES OF MATERIAL FURNISHED. The failure of an account filed to secure a mechanic's

lien to state the dates the various items of materials were furnished will not vitiate the lien, if it appears from the account and affidavit thereto attached that such materials were furnished within the requisite time to entitle the claimant to a lien therefor.

5. ——— : ——— : ———. An account for a mechanic's lien, after giving the items of materials for which a lien is claimed, states that " the above items were sold for $677.65, and delivered between July 10, 1888, and October 18, 1888," and the affidavit attached to the account alleges that said materials were furnished at the times mentioned in the account. *Held*, To sufficiently designate the time.

APPEAL from the district court of Lancaster county. Heard below before HALL, J.

*M. L. Easterday*, for appellant, cited : *Skyrme v. Occidental Mill & Mining Co.*, 8 Nev., 220; Kneeland, Mechanics' Liens [2d ed.], sec. 8; *Hallahan v. Herbert*, 11 Abbott Pr. Rep., n. s. [N. Y.], 336.

*Robert Ryan* and *Harwood, Ames & Kelly*, contra, contending that the claim for a lien is insufficient, because it fails to give the dates when the material was furnished, cited : *Associates of the Jersey Company v. Davison*, 29 N. J. L., 415; *Lehman v. Thomas*, 5 Watts & S. [Pa.], 262; *Faulkner v. Reilly*, 1 Philadelphia Rep. [Pa.], 234; *Ayres v. Revere*, 1 Dutch. [N. J. L.], 481; *Wagar v. Briscoe*, 38 Mich., 592; *Noll v. Swineford*, 6 Pa. St., 191; *Rehrer v. Zeigler*, 3 Watts & S. [Pa.], 258; *Thomas v. James*, 7 Id. 381; *Witman v. Walker*, 9 Id. 186; *Cook v. Heald*, 21 Ill., 425; *Wade v. Reitz*, 18 Ind., 307; *Shackleford v. Beck*, 80 Va., 573; *Hayden v. Wulfing*, 19 Mo. App., 353; *Valentine v. Rawson*, 57 Ia., 179. The assignee should have shown that he became the owner after the lien was perfected. If he has not so shown, it is as reasonable to assume that it was before as after the perfecting of the lien. If before, the lien did not pass by the assignment. (*Goodman v. Pence*, 21 Neb., 462; *Tewksbury v. Bronson*, 48 Wis., 581.)

NORVAL, J.

This was an action brought by appellant to enforce a mechanic's lien for materials furnished by R. A. Handy & Co , under a verbal contract with the defendant James Kenneally, for the erection of a dwelling and barn on lot 10, in block 2, in Summerdale addition to the city of Lincoln. Plaintiff claims as assignee of the account and mechanic's lien. Kenneally was the owner of the lot when the materials were furnished. Subsequently, on August 28, 1888, he mortgaged the premises to the defendant James Woolworth to secure the payment of $800, at the time borrowed. On the 22d day of November, 1888, the defendant Thomas McAlpine purchased said premises from Kenneally, subject to the payment of said mortgage. The district court rendered a personal judgment in favor of plaintiff, and against Kenneally, for $743.37, and decreed that plaintiff was not entitled to a mechanic's lien for any amount. Plaintiff appeals.

No question is made in this court by any one as to the amount of the judgment rendered by the court below, the sole contention here being whether the court erred in not decreeing that plaintiff had a valid lien upon the real estate for the amount so found due him. Appellees urge numerous objections against the right of plaintiff to a lien, which we will notice.

It is claimed by counsel for appellees that there is neither proof that the materials charged in plaintiff's account and claim for lien were ever furnished by Handy & Co., nor is there any evidence of the value of the same. While the testimony on the subject is quite meager, we are of the opinion that it sufficiently appears that Handy & Co. furnished and caused to be delivered, on the lot in question, all the materials which were used in the construction of the house and barn. The only evidence as to value was that given by Mr. Sable, one of the carpenters who erected the

59

buildings, who estimated the value of the materials used in the construction of the house at $540, and the barn at $70.

It is said that there is no proof that a claim for lien was filed with the register of deeds. The petition alleges that on the 31st day of December, 1888, and within four months from the time of the furnishing of the materials, R. A. Handy & Co. made, under oath, an account in writing of the materials, and filed the same in the office of the register of deeds of Lancaster county, claiming a mechanic's lien therefor upon said premises, which lien was recorded in book D of mechanics' liens at page 349. The above allegation being put in issue by the general denial in the answers of appellees, it devolved upon the plaintiff to establish upon the trial, by competent evidence, the filing of the claim for lien. This he failed to do. The mechanic's lien records of Lancaster county were neither produced at the trial, nor offered in evidence. Plaintiff, over objections of defendants, introduced in evidence the lien attached to his petition as an exhibit. While it contains an indorsement purporting to have been made by the register of deeds, showing the filing and recording of the paper, yet the indorsement was not offered in evidence. Plaintiff should have made his offer sufficiently broad to have included the introduction of the indorsement of the filing of the statement of lien.

In this state one who seeks to enforce a mechanic's lien is required to file a verified account of the materials furnished or labor performed, for which a lien is claimed, in the office of the register of deeds, within four months after the furnishing of the last item of materials, or the performance of the labor. The filing operates as a creation of the lien, and unless this is done, his right to a lien is lost. As there is a total failure of proof that any claim for lien was filed by plaintiff's assignors with the register of deeds, plaintiff was not entitled to have a lien established on the premises in controversy.

There is another well founded reason why a decree of foreclosure was properly refused in this case. The undisputed testimony shows that Handy & Co. sold and transferred their account for the materials to the plaintiff in November, 1888, before any steps had been taken by them to perfect a lien. Afterwards, on the 31st day of December, 1888, they made out a sworn statement claiming a mechanic's lien on the lot for the amount of materials furnished for the building, and in January, 1889, made a formal assignment thereof to plaintiff.

The transfer of the debt before filing the claim for lien extinguished the right to a lien on the premises. Handy & Co. could not afterwards perfect a lien, for the reason they had disposed of their claim, nor could the plaintiff do so, since the assignment of the debt did not have the effect to transfer a right to perfect and enforce a lien therefor. (*Goodman v. Pence* 21 Neb., 459; *Tewksbury v. Bronson*, 48 Wis., 581.)

In *Goodman v. Pence, supra,* this court held that the mere assignment of the account for labor performed and materials furnished for the erection of a building will not give the assignee the right to assert a mechanic's lien therefor. The court in the opinion says : " The mere performance of labor or furnishing material to another is not sufficient to entitle a party to a mechanic's lien. His right to the same depends upon compliance with the statute. Until he has so complied he has no lien which he can assign. When, however, he has acquired a lien, he may assign the same with the account to another. In other words, a mere inchoate right to a mechanic's lien is not assignable, although the lien when acquired passes with an assignment. * * * If the mere assignment of the debt gave the assignee the right to assert the lien, then in cases where portions of the debt were assigned to different persons each must file a lien for the amount due to himself, and thus instead of one lien against the property, there might be fifty, or an in-

Noll v. Kenneally.

definite number, which would render the proceeding cumbersome and oppressive. Before the assignment of the debt, therefore, will carry the right to a mechanic's lien, it must be perfected by properly filing the same in the office of the county clerk before the assignment is made."

True, the mechanic's lien law should be liberally construed, so as to carry out the intent of the legislature in passing it; but the provisions of the law are not to be extended in their operations beyond the fair and reasonable sense of the terms employed. To obtain a lien there must be at least a substantial compliance with the requirements of the statute by the mechanic or material-man. It requires that the person entitled to the lien shall make out and file an account in writing of the items of labor or materials furnished. It contemplates that the person furnishing the materials or performing the labor shall perfect the lien, and this he must do before he transfers or assigns the debt to another, for, after such transfer, he no longer has such an interest as will authorize him, by complying with the statute, to obtain a lien.

It further claimed that the statement of the account is insufficient, in that it fails to state with sufficient particularity the times when the materials were furnished as the basis for the lien. The account, after giving the number and kinds of materials furnished, contains the following: "The above items were sold for $677.65, and delivered between July 10, 1888, and October 18, 1888." The affidavit attached to the account states "that said materials were furnished by R. A. Handy & Co. to said James Kenneally at the times stated in said account." Neither the account nor the affidavit contains any other reference as to the dates of the furnishing of the materials. Authorities are cited in brief of counsel for appellees which, at first blush, appear to sustain their contention that the specification of the times when the materials were furnished is so vague and uncertain as to invalidate the lien, as between the

claimant and good-faith purchaser or mortgagee without notice; but a more careful examination will disclose that they are based upon statutes which in express terms require that the dates of furnishing be set out in the lien statement. The mechanic's lien law of this state contains no such provision; hence, the decisions cited do not materially aid us in our investigation. The statute reads: "any person entitled to a lien under this chapter shall make an account in writing of the items of labor, skill, machinery, or materials furnished, or either of them, as the case may be, and after making oath thereto shall, within four months of the time of performing such labor and skill, furnishing such machinery or material, file the same in the office of register of deeds of the county," etc. The account and affidavit are for the purpose of furnishing notice that the party claims a lien. It is the better practice to give in the account the dates on which the items were furnished; but we are not willing to hold, as do the decisions in some of the states under statutes materially different from our own, that the failure to insert the dates in the account, or that the mere stating that the items were furnished between certain specified dates, as in the case at bar, invalidates the lien. When the days of performing the labor or furnishing the materials are not given in the account, it should be made to appear in the affidavit thereto attached that the materials were furnished, or labor performed, within the time prescribed by statute to entitle the claimant to a lien therefor. The fair inference to be drawn from the statement in the account for the lien we are considering is that the materials were furnished between the dates therein named, and that the last were furnished on the date last given. (See *Manly v. Downing*, 15 Neb., 637; *Hayden v. Wulfing*, 19 Mo. App., 353; *Bangs v. Berg*, 48 N. W. Rep. [Ia.], 90; *Johnson v. Stout*, 44 Id. [Minn.], 534.) The decree of the district court is right, and is

AFFIRMED.

THE other judges concur.