WILSON A. WELLS, APPELLANT, V. DAVID CITY IM-
PROVEMENT COMPANY ET AL., APPELLEES.

FILED JANUARY 4, 1895. NO. 4694.

1. **Review:** CONFLICTING EVIDENCE. When the only question on
appeal presented is the sufficiency of disputed evidence to sus-
tain the findings of fact made by the district court, the judg-
ment appealed from will be affirmed.

2. **Mechanics' Liens:** SWORN STATEMENT: TIME TO FILE. A
subcontractor is entitled to no lien for material unless affirma-
tively he establishes by proof that within sixty days from the
date whereon the last item of material was furnished by him be
filed in the proper office a sworn statement, in compliance with
the requirements of section 2, article 1, chapter 54, Compiled
Statutes.

APPEAL from the district court of Butler county. Heard
below before POST, J.

A. J. Evans, Matt. Miller, and Reese & Gilkeson, for
appellant.

Steele Bros. and F. I. Foss, contra.

RYAN, C.

This action was brought for the foreclosure of a lien for
lumber and other material sold by appellant to B. P. Fi-
field, who had contracted to build the hotel now known as
the Perkins House, in David City. There was judgment
in the district court of Butler county in favor of the de-
fendants. Appellant's relation to the owner of the hotel,
the David City Improvement Company, was that of sub-
contractor. To enable him, therefore, to assert his claim
for a lien on the improved property, it devolved on him to
show that the last item of his account was not more than
sixty days previous to the the date on which his affidavit

for a lien was filed. (Sec. 2, art. 1, ch. 54, Comp. Stats.)·
The date on which this sworn statement for a lien in this
case was filed was September 14, 1888.    To its binding
force it was therefore necessary that there should have ac-
crued a part of the account as late, or later than July 16,
1888.    There was a great deal of evidence introduced as.
to the material having been furnished on July 16th and
25th, respectively, for the construction of the hotel.    It
seems from this evidence to have been quite satisfactorily
established that neither of these two items was furnished.
Mr. Fifield by plaintiff for use in the hotel, and that such·
part as may have been so used was purchased by a tenant
for his own benefit after the improvement company had
refused to make the improvements which he desired.
Upon evidence which was conflicting, certainly with no·
preponderance in favor of appellant, the district court
found·"that the allegations of plaintiff's petition were not
true, and that plaintiff's pretended lien was not filed within·
the time required by law," etc.    Under such circumstances
no citation of authorities is necessary to sustain the rule,.
well known and uniformly followed, that when the evi--
dence is merely conflicting the judgment of the district
court will not be disturbed, when the sole question pre-
sented is as to the sufficiency of the evidence to sustain the
judgment appealed from.    The judgment of the district
court is

AFFIRMED.


Post, J., having presided in the district court, took no·
part in the determination of the above cause in this court.