FRED DREXEL ET AL., APPELLANTS, V. JAMES RICHARDS ET AL., APPELLEES.

FILED MAY 6, 1896. No. 6498.

1. **Mechanics' Liens: CONTRACTS.** The right to a lien secured by the provisions of section 2, article 1, chapter 54, Compiled Statutes, does not depend upon the terms of the contract between the owner of the building and the original contractor, but upon the ground that the subcontractor furnished materials or performed labor in the erection of the building, and that he has complied with the requirements of said section.

2. ———: **SUBCONTRACTORS.** To entitle a subcontractor to a lien, he must file in the office of the county clerk, within sixty days from the date of the last item of material furnished or labor performed, the sworn statement required by said section 2.

3. ———: **DECREE FOR DEFENDANTS.** Evidence examined, and *held* to sustain the decree of the district court refusing plaintiffs a lien.

APPEAL from the district court of Buffalo county. Heard below before HOLCOMB, J.

*B. G. Burbank*, for appellants.

*Calkins & Pratt* and *Kennedy, Gilbert & Anderson, contra.*

NORVAL, J.

This was a suit in equity by plaintiffs, as subcontractors, to foreclose a mechanic's lien. From a decree refusing a lien plaintiffs appeal.

The defendants, R. L. Downing and J. J. Bartlett, in August, 1890, entered into a contract with the firm of Richards & Co. whereby the latter agreed to furnish all the material and perform all the labor and erect for Downing & Bartlett a brick and stone business block in the city of Kearney, for the agreed sum of $22,000. Richards & Co. thereupon sublet the cut stone and the stone work to plaintiffs, Drexel & Foll, for the stipulated price of $5,049. Their contract called for the carving of a certain granite column furnished and set by the sub-

contractors in the building. Plaintiffs completed their work according to plans and specifications, excepting said carving, which was never done, and on April 30, 1891, more than sixty days after the furnishing of the last item of materials and the performing of the last labor, plaintiffs filed an itemized account of said work and labor, duly verified, with the county clerk of Buffalo county, claiming a mechanic's lien upon the premises and building thereon erected for the full contract price. The court found upon the issues presented by the pleadings as follows:

"1. That the plaintiffs, Drexel & Foll, did not furnish the stone in the rough for the building in question, that being furnished by the Kearney Stone Works to Richards & Co., Drexel & Foll only cutting the same.

"2. That cutting the holes for putting up the shields and other iron work was no part of plaintiffs' contract, and that they did not in fact do or perform the same.

"3. That the plaintiffs did offer to carve the granite column on the 23d day of April, 1891, but that it had been agreed between the owners and principal contractors in the month of February, 1891, that this carving was to be dispensed with. The plaintiffs had completed their work in November or December, 1890, and had abandoned any further execution of the same, and that the offer to carve the column made in April was made after the building was turned over to the owners and was occupied by their tenants, and that said offer was not made in good faith as a continuation of the original contract, or as a part of it, but was made after abandoning their work, for the sole and only purpose of reviving their right to a lien.

"4. That said lien was not filed in the time required by law, and was and is void, and the defendants Downing & Bartlett are entitled to a decree cancelling the same."

It is argued that the first of the above findings is against the weight of the evidence. Whether this contention is well founded or not we shall not stop to con-

sider, inasmuch, if said finding is wrong, still the decree must be affirmed for the reasons hereafter stated.

The second finding is not assailed by the plaintiffs, so far as we have been able to discover. Evidence was adduced upon the trial tending to prove that within sixty days prior to the filing of the plaintiffs' claim for a mechanic's lien some holes were drilled in the stones for putting up the shields and other portions of the iron work of the building in question. The purpose of this was to show that the lien was perfected and filed in time. The finding is, however, supported by ample testimony. There is in the bill of exceptions evidence tending to prove that the drilling of those holes was no part of plaintiffs' contract, but that it was the duty of the iron contractor to do this work. Moreover, that plaintiffs did not drill, or cause to be drilled, said holes, but even if it was for them to perform the work, the testimony shows that it was done, and the shields put up in February, 1891, more than sixty days before the filing of the claim for a lien.

A careful perusal and consideration of the testimony convinces us that it is ample to support the third and fourth findings, except as to the time stated when plaintiffs completed their work. Instead of the last work being done by them in November or December, 1890, it was on January 23, 1891, but this error is not material, since ninety days elapsed thereafter before the filing of the lien.

It is strenuously insisted that Bartlett & Downing are estopped by their conduct from now insisting that plaintiffs did not file their claim for lien within the statutory period of sixty days. This is based upon the fact that they forbade and refused to permit plaintiffs to carve the column on April 23, 1891, when they went to Kearney for the purpose of doing that work. On the other hand, the defendants insist, and the trial court so found, that plaintiffs had previously abandoned the further execution of their contract, and this last contention, in our

judgment, is not without evidence to sustain it. By the contract entered into between defendants and Richards & Co. the building was to have been completed by December 31, 1890, and the corner room thereof by November 1 of the same year. The time of the completion of the building was waived by the defendants by permitting work to be performed thereon after the period fixed in the contract, but that did not leave the time for finishing the building wholly optional to either the contractors or subcontractors. It was shown that on January 18, 1891, five days before plaintiffs ceased work upon the building, defendants applied to Richards & Co., the original contractors, to have the column carved, and, by their directions, Mr. Downing, one of the defendants herein, sent to the plaintiffs the following letter, on the day it bears date:

"KEARNEY, NEBRASKA, January 18, 1891.

"*To Drexel & Foll, Omaha*—GENTLEMEN: Can't you send men at once to finish carving my column. I intend getting in the front room by the first of February, and wish that column finished before that time. Please attend to it at once, and oblige

"Yours truly,                    R. L. DOWNING."

While this letter was received by Drexel & Foll, they never in any manner answered or paid any attention to it, or complied with the request. This letter had the effect to extend the time of performance of the contract to February 1, 1891, but not to a later date. The evidence also discloses that Mr. Drexel went to Kearney on March 2, 1891, for the purpose of getting some money on his contract, and that Mr. Downing refused to pay any money. Had plaintiffs then filed their claim for lien it would have been in time, but they did not do so, nor did Drexel inform Mr. Downing that it was his purpose to carve the column. We think that an abandonment of the contract by plaintiffs was established. The column which was to be carved supports the corner of the building and stands in front of the entrance to one of the

rooms. When plaintiffs offered to do the carving in April, this room was occupied for business purposes, and had the defendants permitted the carving to be then done, the necessary staging would have so blocked the entrance as to require the closing of this room until the work was finished. Under the circumstances the defendants were justified in not allowing the column to be then carved. Had plaintiffs attempted to perform the work within the period specified in the contract for the completion of the building, and had been prevented from so doing by Downing & Bartlett, the case might be more favorable to plaintiffs.

It is urged that during the winter time it is too cold to do this carving, owing to the frost. If granite cannot be carved in cold weather, plaintiffs should have done this part of their work before winter began, and no explanation is given for their not having done so. Again, no excuse on account of the weather was made until this controversy arose. Moreover, there is in the record testimony tending to show that granite can be carved successfully during any season of the year.

Complaint is also made that by an arrangement entered into between Downing & Bartlett and Richards & Co., the principal contractors, the carving of the column was dispensed with, and that Drexel & Foll were not notified thereof. We do not regard this feature of the case important. The defendants had the right to change, alter, or modify the original contract as they and their contractors might agree, and we know of no law which required Downing & Bartlett to notify the subcontractors of such changes. We do not say that the rights of a subcontractor, without his consent, can be impaired or affected by subsequent agreements of the parties to the original contract. The decision in this case does not hinge upon the fact that the original contract for the construction of the building was modified, but rather upon the fact that plaintiffs abandoned the work, and failed to file their lien in the period fixed by law. The

right to a lien given to a subcontractor by the provisions of section 2 of the mechanics' lien law does not depend upon the terms of the contract between the owner of the building and the original contractor, but upon the ground the subcontractor furnished the materials or performed labor in the erection of the building (*Colpetzer v. Trinity Church*, 24 Neb., 113); but such lien does not exist until the statute has been complied with. To entitle a subcontractor to a lien, he must file in the office of the county clerk, within sixty days from the date of the last item of material furnished or labor performed, a sworn statement in compliance with section 2, article 1, chapter 54, Compiled Statutes. (*Wells v. David City Improvement Co.*, 43 Neb., 366; *Buchanan v. Selden*, 43 Neb., 559.) The plaintiffs having failed to comply with the requirements of said section 2, they are not entitled to a lien. The decree is

AFFIRMED.