J. C. Cummins et al., Appellees, v. Hattie Vande-
venter et al., Impleaded with Peter J. Hansen,
Appellant.

Filed November 4, 1897.          No. 7549.

1. **Mechanics' Liens: Foreclosure: Evidence.** In an action to fore-
close a mechanic's lien, it must appear in evidence that the state-
ment of the claim therefor has been filed with the proper officer
in the county within the time prescribed by statute; if not, there
is a failure of proof of the existence of the lien.

2. ———: ———: ———. The evidence herein *held* insufficient to prove
that the statement of a claim of lien had been filed.

Appeal from the district court of Cass county. Heard
below before Chapman, J. *Reversed.*

*Beeson & Root,* for appellant.

*Robert B. Windham* and *George M. Spurlock, contra.*

Harrison, J.

In this action, instituted in the district court of Cass
county, the appellees, partners conducting a lumber yard,
sought and obtained a decree of foreclosure of a mechan-
ic's lien, which, it was alleged in the petition filed, had
accrued in favor of the partnership, and had been duly
perfected as prescribed by statute. With reference to the
matters to which we have just alluded, the pleading set
forth the facts; we have but stated the conclusions.
Peter J. Hansen, one of the defendants in the trial court,
has prosecuted an appeal to this court. The facts of the
existence of the account, prepared and verified in the
manner required by law to entitle it to be filed and en-
tered in the proper office as a lien, also the allegation that
it had been filed, were put in issue by the pleadings;
hence it was for the appellees to prove the controverted
facts, and it is asserted that there was no proof that what
was styled the lien had ever been filed.

During the trial, one of the partners, being on the witness stand, was interrogated and answered as follows: "Q. I will now ask you to state if you have in your possession the original lien filed on the premises? A. Yes, sir; I think that I have." For the appellees there was then made this offer: "The lien is here offered in evidence by the plaintiff," and over the objection of the appellant the document offered was received in evidence. If it be conceded that the paper had been sufficiently identified by the witness and was properly allowed in evidence, the offer did not include the indorsement made by the register of deeds which recited the fact of filing, etc., nor was there any attempt to establish that the paper had been filed in the proper office. There was no proof on this point. The introduction of the claim of lien did not carry with it the indorsement of the officer and its recitals.

In the decision in the case of *Noll v. Kenneally*, 37 Neb., 879, wherein a similar question arose, it was stated: "It is said that there is no proof that a claim for lien was filed with the register of deeds. The petition alleges that on the 31st day of December, 1888, and within four months from the time of the furnishing of the materials, R. A. Handy & Co. made, under oath, an account in writing of the materials, and filed the same in the office of the register of deeds of Lancaster county, claiming a mechanic's lien therefor upon said premises, which lien was recorded in book D of mechanics' liens, at page 349. The above allegation being put in issue by the general denial in the answer of appellees, it devolved upon the plaintiff to establish upon the trial, by competent evidence, the filing of the claim for lien. This he failed to do. The mechanic's lien records of Lancaster county were neither produced at the trial nor offered in evidence. Plaintiff, over objection of defendants, introduced in evidence the lien attached to his petition as an exhibit. While it contained an indorsement purporting to have been made by the register of deeds, showing the filing and recording of the paper, yet the indorsement was not of-

fered in evidence. Plaintiff should have made his offer sufficiently broad to have included the introduction of the indorsement of the filing of the statement of lien. In this state one who seeks to enforce a mechanic's lien is required to file a verified account of the materials furnished or labor performed, for which a lien is claimed, in the office of the register of deeds, within four months after the furnishing of the last item of materials, or the performance of the labor. The filing operates as a creation of a lien, and unless this is done, his right to a lien is lost. As there is a total failure of proof that any claim for lien was filed by plaintiffs' assignors with the register of deeds, plaintiff was not entitled to have a lien established on the premises in controversy." This is entirely applicable and decisive of the point under consideration in the case at bar.

The appellant, Peter J. Hansen, was a purchaser of the property after the occurrences or business transactions on which appellees based their claim of lien, and it follows from the conclusion which we have reached that there was a failure in the proof that any lien was ever perfected against the property; that to the extent the decree affected the rights of the appellant, it must be reversed and the action as to him dismissed.

There were some other questions presented in the briefs but we deem a discussion of them unnecessary. A judgment will be entered as hereinbefore indicated.

REVERSED.