JOHN B. WATKINS ET AL., APPELLEES, V. JOHN H. BUGGE
ET AL., APPELLEES, IMPLEADED WITH MATTIE E.
SHELLY ET AL., APPELLANTS.

FILED NOVEMBER 17, 1898.   No. 8475.

1. **Mechanics' Liens: STATEMENT: REGISTRATION.** To entitle a sub-
   contractor to a mechanic's lien he must file his sworn statement
   or claim for lien with the register of deeds of the proper county.

2. ———: ———: ———. In our mechanics' lien law "filed in the of-
   fice of the register of deeds" and "filed with the register of deeds"
   are equivalent expressions and are used interchangeably therein.

3. ———: ———: ———. The proper filing of a claim for a me-
   chanic's lien consists in placing the sworn statement in the cus-
   tody of, and leaving the same with, the proper officer for the pur-
   pose of recording.

4. ———: ———: ———. The failure of a register of deeds to record
   the sworn statement of claim of lien filed does not affect the va-
   lidity of the lien.   All the lienor is required to do to perfect his
   lien is to file the verified claim in seasonable time with the proper
   officer.   The actual recording thereof is not a prerequisite to
   securing the lien.

5. ———: TIMES OF FURNISHING MATERIAL: CONTRACT. Each order
   and delivery of material made at different times does not neces-
   sarily constitute a separate contract.   To constitute a single con-
   tract it is not necessary that the materials should all be furnished
   at one time, but may be obtained at different times and still be
   embraced in a single contract, if such was within the contempla-
   tion of the parties.

6. ———: ———: ———. When certain materials are to be furnished
   to be used for the construction of a building for a stipulated sum,
   and at the time the contract therefor was made it was agreed
   that all additional materials required to complete the improve-
   ment should be furnished by the material-man at, and for, the
   prices previously charged by him for like articles, and in pursu-
   ance thereof additional materials are ordered and delivered from
   time to time during the progress of the work, all items may
   properly be regarded as having been furnished under a single
   contract.

APPEAL from the district court of Douglas county.
Heard below before DUFFIE, J.  *Affirmed.*

*McCoy & Olmsted*, for appellants.

*George B. Lake* and *Hamilton & Maxwell*, contra.

NORVAL, J.

In July, 1894, Mattie E. Shelly employed John H. Bugge to furnish the materials and erect a residence and barn on lot 5, in block 5, in Hanscom Place, an addition to the city of Omaha. The plaintiffs John B. Watkins and George A. Hoagland, copartners doing business under the name and style of J. B. Watkins & Co., sold to Bugge certain building materials, which were delivered on the premises and used in the construction of said house and barn. Before the buildings were completed, on September 10, 1894, Mattie E. Shelly and Thomas C. Shelly mortgaged the lot to the defendant Truman Buck to secure the sum of $3,500, which mortgage, on the same day, was duly recorded in the office of the register of deeds of Douglas county. Afterward Watkins & Co. furnished and delivered certain other materials for use in making said improvements, and on November 24, 1894, they filed with the register of deeds of said county a duly-verified statement or claim for a lien on account of all the materials so furnished as aforesaid. Subsequently this action was commenced to foreclose said lien. Buck filed therein a cross-petition, praying a foreclosure of his mortgage. A decree was entered establishing and foreclosing the mechanic's lien, and awarding the same priority over the mortgage. The Shellys and Buck have prosecuted separate appeals.

It is contended by appellants that the petition of plaintiffs does not state facts sufficient to constitute a cause of action, for the reason said pleading contains no averment that the sworn statement or claim of lien was filed with the register of deeds, or that it was ever recorded by him. The allegations of the petition upon this subject are: "That on the 24th day of November, 1894, and

within two months from the date of furnishing said lumber and building material, the said plaintiffs made an account in writing of the items of said lumber and building material, and, after making oath thereto as required by law, filed the same in the office of the register of deeds of said Douglas county, Nebraska, claiming a mechanic's lien therefor upon said real estate and the buildings thereon, at an expense of one and 50-100 dollars." Section 2, article 1, chapter 54, Compiled Statutes, declares: "Any person or subcontractor who shall perform any labor for, or furnish any material or machinery or fixtures for any of the purposes mentioned in the first section of the act, to the contractor or any subcontractor who shall desire to secure a lien upon any of the structures mentioned in said section, may file a sworn statement of the amount due him or them from such contractor or subcontractor for such labor or material, machinery or fixtures, together with a description of the land upon which the same were done or used within sixty days from the performing of such labor or furnishing such material, machinery or fixtures, with the register of deeds of the county wherein said land is situated, and if the contractor does not pay such person or subcontractor for the same, such sub-contractor or person shall have a lien for the amount due for such labor or material, machinery and fixtures, * * * and the amount so paid shall be held and deemed a payment of such amount to the original contractor. * * * Said sworn statement and claim of lien shall be by such register of deeds recorded in the same manner as other liens provided for by this chapter, and such lien shall remain in force for the same length of time as other liens provided for in this chapter."

The objection urged against the petition, that it is defective because it is not averred that the claim for lien was "filed with the register of deeds," is so dry and technical that it rattles as we write down the point. It is true the statute requires that the sworn statement of the

amount due the person or subcontractor claiming the lien must be "filed with the register of deeds;" and the petition meets this demand of the law, since it avers that the verified account in writing of the items of lumber furnished was filed "in the office of the register of deeds of said Douglas county." The filing could not legally have been in the office of register of deeds, unless the sworn statement was filed with such officer. That the legislature used interchangeably in the mechanics' lien law the expression "filed in the office of register of deeds" and "filed with the register of deeds" is manifest. In said section the latter form of expression is used, while in section 3 of the same act it is written, "file the same in the office of the register of deeds of the county." This court has frequently used interchangeably the words "file in the office of register of deeds" and "file with the register of deeds." (*White Lake Lumber Co. v. Russell*, 22 Neb. 126; *Noll v. Kenneally*, 37 Neb. 879; *Wells v. David City Improvement Co.*, 43 Neb. 366; *Drexel v. Richards*, 48 Neb. 322, 732; *Nye v. Berger*, 52 Neb. 758.) The proper filing of a claim for a mechanic's lien consists in placing the sworn statement in the custody of, and leaving the same with, the proper officer for the purpose of recording, and the petition sufficiently avers that this was done in the case at bar.

The other objection urged against the petition is equally without merit. It was not necessary for the plaintiffs to set forth in their petition that their statement of lien was recorded by the register of deeds. It is true the law makes it the duty of that officer to record all sworn statements and claims of liens filed with him, but the subcontractor's lien cannot be defeated by the failure of the register of deeds to record the sworn statement of the lien which had been deposited in his office for that purpose. All the law requires of the lien claimant is that he shall file his sworn claim of lien with the proper officer for the purpose of being recorded. It is the filing, and not the recording, that confers the right

to a lien. This principle was recognized and applied by this court, as to deeds, in *Perkins v. Strong*, 22 Neb. 725. The syllabus to that case, which fully reflects the views of the court expressed in the opinion, reads as follows: "A purchaser of real estate who takes his deed to the office of the register of deeds and deposits it with him for record, and pays the fees for recording and entering the same on the numerical index, discharges thereby his duty of notice to the public; and if through the fault alone of the register the deed is lost or mislaid, and not entered of record or entered on the index, such failure will not work to the prejudice of the title of such purchaser, even in favor of a subsequent purchaser without actual notice. (*Lee v. Bermingham*, 30 Kan. 312.)" Of the same purport is *Deming v. Miles*, 35 Neb. 739. If through the neglect or omission of a register of deeds a deed is not spread upon the records of his office, and the title of the purchaser is not affected or prejudiced by such omission, it is difficult to see how the right to a mechanic's lien can be defeated by the mere failure of such officer to record a mechanic's lien which had been duly filed with him or in his office. The law makes it no part of the duty of the lienor to see that his statement of lien is recorded. It merely devolves upon him to have such statement filed, and he is not required to force the register of deeds, either at the point of a loaded revolver or by legal proceedings, to record his claim of lien, to make the lien effective. A mechanic's lien is acquired by the proper filing with the register of deeds of the sworn claim for such lien within the period fixed by law, and not by the recording of the lien. (*Noll v. Kenncally*, 37 Neb. 884; *Cummins v. Vandeventer*, 52 Neb. 478; *Wilson v. Hopkins*, 51 Ind. 231; *Adams v. Buhler*, 30 N. E. Rep. [Ind.] 883; *Adams v. Shaffer*, 31 N. E. Rep. [Ind.] 1108; *Leeper v. Myers*, 37 N. E. Rep. [Ind.] 1070; *Smith v. Headley*, 33 Minn. 384; *Goodman v. Baerlocher*, 88 Wis. 287; *Red River Lumber Co. v. Friel*, 73 N. W. Rep. [N. Dak.] 203.) A petition substantially like

the one at bar was sustained in *Davenport v. Jennings*, 25 Neb. 87.

It is argued that Watkins & Co. withdrew their claim for lien from the office of the register of deeds; hence it was essential that they should plead that it had been recorded. We fail to find any statement or averment in the petition upon which to predicate this argument. There is no allegation in the petition that the claim for lien was taken by plaintiffs from the register's office, whatever may be the facts disclosed by the evidence. It is the sufficiency of the petition that is challenged, and the pleading must be tested without regard to the evidence adduced on the trial. So construing the petition, we are firmly convinced that it is sufficient at the points at which it has been assailed by appellants.

The next argument is that the evidence is insufficient to sustain the findings and decree, inasmuch as there is no proof in the record that plaintiffs' claim for lien was filed with or recorded by the register of deeds of Douglas county. It was established beyond controversy that the plaintiffs duly filed a verified statement of lien in the proper office on November 24, 1894, and at the same time paid $1.50 for recording fees. This was sufficient to show that such sworn statement was delivered to the register of deeds for record. Whether it was actually recorded or not is unimportant, as we have already shown. *Noll v. Kenneally*, 37 Neb. 879, and *Cummins v. Vandeventer*, 52 Neb. 478, cited by appellants to support their contention that the evidence must disclose that the lien statement was recorded, are not in point here. In those cases the filing and recording of the claims for lien were averred in the petition, but no testimony was given to establish the filing of the sworn statement for lien. Had the evidence in the case at bar failed to show the filing of plaintiffs' verified account of items furnished, then the cases mentioned would be decisive of the one under review.

It is insisted that the materials were furnished by plaintiffs, not under a single contract, but under thirty-

three wholly distinct and independent agreements, and that twenty-five of which were fully performed and completed more than sixty days prior to the filing of the sworn statement for lien, and therefore such statement is false and untrue, too general and indefinite to attach to any one of the several contracts, and is insufficient in law to sustain a lien for .any of the materials, since the lien claims state that the materials were furnished "under a verbal contract." It is the settled doctrine in this state that a material-man cannot tack one contract to another and thereby obtain a lien for the materials furnished under both by filing a sworn statement or claim for lien within the statutory period from the date of the furnishing the last item of material under either of the contracts. (*Central Loan & Trust Co. v. O'Sullivan*, 44 Neb. 834; *Hansen v. Kinney*, 46 Neb. 207; *Nye v. Berger*, 52 Neb. 758.) The doctrine stated is entirely sound, and if the case at bar falls thereunder, the decree of the trial court cannot be sustained, for the reason that many. of the items of material for which a lien was awarded were furnished more than sixty days prior to the filing of claim for lien, and under defendants' theory, in pursuance of several independent contracts. The record discloses that Watkins & Co. entered into a contract with Bugge to furnish a certain list of materials to be used in the erection of the house and barn in question for the stipulated sum of $1,032. The items of material included in this list were furnished from time to time as needed, the first delivery thereof having been made on July 23, 1894, and the last delivery occurred on October 3, 1894, and within sixty days from the filing of the lien claim. It was also disclosed that additional materials, not included in said list, aggregating in value over $400, were delivered by plaintiffs at various dates between July 24, 1894, and October 4, of the same year, which materials were used in the construction of the house and barn. It is insisted by appellants that each one of said deliveries was in pursuance of a separate contract, and such con-

tention is supported by the testimony of Mr. Bugge, whose deposition was read by the defendants. On the other hand, the testimony of John B. Watkins, one of the plaintiffs, is to the effect that when the original bill of lumber, amounting to $1,032, was sold it was agreed between plaintiffs and Bugge that whatever additional materials should be required to complete the buildings were to be furnished by plaintiffs, and at the same prices they had sold Bugge similar materials in the past, and that in pursuance of said arrangement the extra materials were furnished and delivered on various dates as ordered. The trial court found specifically that each of the several items in plaintiffs' claims of lien was not furnished under several distinct contracts or agreements, but under an indivisible one, and such finding is not outside of, but within, the evidence. The fact that the materials were ordered and delivered on different dates does not create separate contracts. If it be true, as there is evidence tending to show, that all the materials were furnished to plaintiffs under a single understanding and agreement, the contract is indivisible, although the materials were delivered on various days, and a portion of the items was furnished at the stipulated sum, and the remainder as extras. The materials having been delivered under a single contract, the statement to that effect in the claim for lien was not false as argued by counsel for defendants, and the sworn statement for lien was sufficiently specific and definite to meet the requirement of the law. Before the buildings were completed Bugge abandoned his contract with the Shellys, and afterward they ordered of plaintiffs certain materials to complete the improvements, and such materials are included in the sworn account filed as a claim for lien. No prejudice, however, could result therefrom, as the items so ordered by Shellys were paid for by them and credit given therefor in the lien statement. Moreover, said items were not included in said account for the purpose of extending the time for filing the lien, since such

filing was made less than sixty days from the delivery of the last item under the original bill of lumber bought.

It is insisted that the sworn statement did not apply and refer to the items aggregating $1,032, for the reason they were furnished under a written agreement and not under an oral one, as stated in the claim for lien. This argument lacks merit, and is based alone on the fact that Bugge submitted to plaintiffs a list of materials for them to make an estimate upon. They did as requested, and verbally agreed to furnish the items included in such list for the sum last above stated. This did not constitute a written contract or agreement within the meaning of the law. The decree is sustained by sufficient competent evidence, and it is

AFFIRMED.