RILEY M. TIDBALL, APPELLEE, V. EMMA J. HOLYOKE ET AL., APPELLANTS.

FILED JANUARY 6, 1904. No. 13,286.

1. **Mechanic's Lien: FILING.** In an action to foreclose a mechanic's lien, it must appear in evidence that the statement of the claim therefor has been filed with the proper officer in the county, within the time prescribed by statute; if not, there is a failure of proof of the existence of the lien.

2. **Evidence.** Evidence examined, and *held* not to support the findings and decree.

APPEAL from the district court for Lancaster county: EDWARD P. HOLMES, JUDGE. *Reversed.*

*Adolphus R. Talbot* and *Thomas S. Allen,* for appellants.

*John M. Stewart* and *Thomas C. Munger, contra.*

LETTON, C.

This action was brought by Riley M. Tidball to foreclose a materialman's lien upon certain property in the city of Lincoln. Emma J. Holyoke, Robert A. Holyoke, Oliver P. Harrison and the Phœnix Mutual Life Insurance Company were made defendants. The allegations of the petition material to the controversy are that the plaintiff entered into an oral contract with the defendant Oliver P. Harrison to furnish lumber and building material for the defendants Emma J. Holyoke and Robert A. Holyoke for the erection of a dwelling house; that in pursuance of this contract the plaintiff furnished lumber and building material to the extent of $1,776.58, on which amount there was now due and unpaid $829.86; that Emma J. Holyoke was, at that time, the owner of the premises, and that the lien was duly filed in the office of the register of deeds of Lancaster county. The defendant Emma J. Holyoke and Robert A. Holyoke each filed separate answers, making general denials of the allegations of the petition; the other defendants made no appearance. At the trial the court found due the plaintiff from Emma J. Holyoke and Robert A. Holyoke $826.86 on the account; that a lien existed for that amount on the premises of Emma J. Holyoke, and rendered a personal judgment against the defendants Emma J. Holyoke and Robert A. Holyoke for the amount found due, and a decree for the foreclosure and sale of the real estate. From this judgment and decree an appeal was taken to this court.

The evidence in the case is meager. In substance it is that a contract was made by Mr. Tidball with the contractor Harrison for lumber for "the Holyoke residence"; that the lumber and other material described in the bill was delivered to Harrison at, and was used in the building of, "the Dr. Holyoke house," and that the original of the lumber bill was given to Dr. Holyoke. It was admitted that Emma J. Holyoke was the owner of the fee title to the lot upon which the lien was sought to be enforced. The

evidence fails to show with whom the contractor Harrison made the contract for the erection of the house, whether with Robert A. Holyoke or Emma J. Holyoke. In fact it is only by implication that it can be said there ever was any contract made by him with any one for the erection of the house, the only evidence on the matter being as follows in the testimony of Oliver P. Harrison:

Q. Were you the contractor that had charge of the Doctor Holyoke building?

A. Yes, sir.

There is no evidence to show any relation existing between Emma J. Holyoke and the contractor, beyond the bare fact that the building was erected upon her real estate. For all that appears, Emma J. Holyoke might be a person whose only relationship to the Robert A. Holyoke, or Doctor Holyoke, mentioned was the possession of the same surname. There is nothing in the record to show that Emma J. Holyoke ever knew that the building was being erected upon her real estate, that she ever saw the contractor, or had any dealing with him, or that any one was authorized to act for her. The proof is almost as defective as to the defendant Robert A. Holyoke, the only direct evidence as to him is the statement that the original bill was given to "Dr. Holyoke," and this court can only presume that "Dr. Holyoke" is the defendant Robert A. Holyoke. In order for a subcontractor to acquire a lien upon real estate for material furnished a contractor for the erection of a building thereupon, it is essential that a contract either express or implied be shown to exist between the contractor and the owner of the property. This may be proved like any other fact by circumstances; but, unless it is proved in some manner, the owner can not be held liable for a personal judgment, nor can his real estate be subjected to a lien.

We are further of the opinion that there is no competent proof in the record of the filing of the lien. The evidence as to this point is as follows: "By Mr. Allen: We offer Exhibit 115 in evidence. Mr. Munger objects, as in-

competent, immaterial and no foundation laid. Overruled. Exception." Exhibit 115 is the original bill and claim of lien sworn to by Mr. Tidball. On the back of the original bill is a stamp and signature of the register of deeds of Lancaster county, reciting the recording of the papers in that county. Under the rule laid down in *Cummins v. Vandeventer*, 52 Neb. 478, and *Noll v. Kenneally*, 37 Neb. 879, this offer and ruling did not receive in evidence the filing mark on the back of the papers, and there was no further evidence offered to show the fact of filing.

We are of the opinion that the decree is not supported by the evidence, and that it should be reversed and the cause remanded for further proceedings.

DUFFIE and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and cause remanded for further proceedings.

REVERSED.